**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

ASHLEY JOHNSON and
ALEXIS BRIMHALL,

*Plaintiffs*,

v.

ULTA SALON, COSMETICS &
FRAGRANCE, INC.,

*Defendant*.

Case No. 1:25-cv-02521-JRO-MJD

**DEFENDANT'S ANSWER AND DEFENSES**
**TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Ulta Salon, Cosmetics & Fragrance, Inc. (hereinafter referred to as "Defendant" or "Ulta"), hereby answers the Class Action Complaint ("Complaint") filed by Plaintiffs Ashley Johnson and Alexis Brimhall ("Plaintiffs") and asserts its defenses. Defendant objects to the term "Named Plaintiffs" insofar as it refers to former plaintiffs Lisa Cole, Misty Grebel, Kayla Slachta, and Jill Reisinger, who were dismissed from this litigation and are no longer parties to this lawsuit. *See* Dkts. 84, 85, 88, 89, 90, 95, 96, 98, 100, 111, 112. To the extent any allegations are not expressly admitted, they are denied.

For the convenience of the reader, Defendant has included headings from the Complaint. Defendant does not consider headings to constitute allegations requiring an answer. To the extent the headings are allegations and require an answer, Defendant denies them.

## I. NATURE OF THE ACTION

1. This is a class action brought by Named Plaintiffs Lisa Cole ("Cole"), Ashley Johnson ("Johnson"), Misty Grebel ("Grebel"), Alexis Brimhall ("Brimhall"), Kayla Slachta ("Slachta"), Jill Reisinger ("Reisinger") (collectively "Named Plaintiffs") against Defendant Ulta

Salon, Cosmetics & Fragrance, Inc. ("Ulta" or "Defendant") for false and misleading email marketing.

**ANSWER**: Defendant admits that Plaintiffs Ashley Johnson and Alexis Brimhall purport to bring this action on behalf of themselves and a putative class, as described in Paragraph 1. Defendant states that Lisa Cole, Misty Grebel, Kayla Slachta, and Jill Reisinger were dismissed from this litigation and are no longer parties to this litigation. *See* Dkts. 84, 85, 88, 89, 90, 95, 96, 98, 100, 111, 112. To the extent this allegation relates to an alleged violation of Indiana's Deceptive Commercial Electronic Mail statute, Ind. Code § 24-5-22 *et seq.* ("IDCEMA"), based on allegations that Defendant sent promotional emails with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant denies that this case meets the requirements of a class action, specifically denies any allegations of unlawful conduct, and denies all remaining allegations in Paragraph 1.

2. Defendant sends two types of emails to Indiana consumers which contain false or misleading information in the subject lines.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant admits that it has sent promotional emails to consumers with Indiana mailing addresses. Defendant denies all remaining allegations in Paragraph 2.

3. First, Defendant sends emails with subject lines that falsely represent offers as "free gifts" ("Free Gift Emails") without disclosing required conditions, such as minimum purchase requirements.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails with "false" information in the subject line,

Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant denies all remaining allegations in Paragraph 3.

4. The subject lines of the Free Gift Emails falsely imply that "free" gifts are being provided unconditionally and at no cost to the recipient. Upon opening the email, however, the body reveals that the "free" gifts require qualifying purchases.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant denies all remaining allegations in Paragraph 4.

5. The Free Gift Emails contain subject lines that are false or misleading because they omit material conditions and lead reasonable consumers to believe the gifts are truly free without having to make a minimum purchase. These omissions are material as they induce reasonable consumers to open emails and consider purchases they might otherwise ignore, affecting purchasing decisions.

**ANSWER**: To the extent this allegation relates to an alleged violation of Ind. Code § 24-5-22-7(b)(3) based on allegations that Defendant sent promotional emails with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant denies all remaining allegations in Paragraph 5.

6. Under FTC guidelines at 16 C.F.R. § 251.1(b), the term "free" indicates that the recipient pays nothing for the item and no more than the regular price for any required purchase. Defendant's Free Gift Emails "free gift" offers are not free but contingent on purchases, and these conditions are not disclosed "at the outset" as required by 16 C.F.R. § 251.1(c), creating a reasonable probability of misunderstanding. Defendant knowingly omits these conditions in the Free Gift Emails subject lines to entice opens and purchases, as evidenced by their pattern of conditional promotions and repeated use of similar subject lines across campaigns for years.

**ANSWER**: The allegations in the first sentence of Paragraph 6 state legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendant states that 16 C.F.R. § 251.1(b) and § 251.1(c) speak for themselves and denies any allegations or characterizations contrary thereto. Defendant denies all remaining allegations in Paragraph 6.

7. Defendant's Free Gift Emails are misleading as the exclusions contained in the fine print within the body of the email substantially restrict the offer's applicability, failing to disclose terms "at the outset" in a manner that avoids misunderstanding. Defendants [sic] knowingly omit these exclusions in Free Gift Emails subject lines to drive email opens and engagement, as evidenced by their consistent use of fine-print disclaimers in promotional emails.

**ANSWER**: Defendant denies the allegations in Paragraph 7.

8. Second, Defendant sends emails with subject lines that falsely represent unqualified discounts on purchases without disclosing material exclusions ("Percentage Discount Emails"). The subject lines of the Percentage Discount Emails imply a straightforward percentage discount on the recipient's entire purchase (such as "20% OFF your entire purchase"), without limitations or exclusions, enticing consumers to open the email in anticipation of a broad bargain. Upon opening the email, however, the body reveals that there are significant exclusions that do not qualify for the percentage discount.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant denies all remaining allegations in Paragraph 8.

9. The Percentage Discount Emails contain subject lines that are false or misleading because they omit material exclusions, leading reasonable consumers to believe that they will receive the promised percentage discount on their entire purchase. These omissions are material as they mislead reasonable consumers about the discount's scope, inducing interest in purchases that may not qualify and affect purchasing decisions.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant denies all remaining allegations in Paragraph 9.

10. Under FTC Guides Against Deceptive Pricing at 16 C.F.R. § 233.1, bargain advertising like percentage-off offers must be genuine and not deceptive; reductions should be from a regular price without undisclosed limitations that undermine the claimed savings.

**ANSWER**: The allegations in Paragraph 10 state legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendant states that

16 C.F.R. § 233.1 speaks for itself, denies any allegations or characterizations contrary thereto, and denies all remaining allegations in Paragraph 10.

11. Defendant's Percentage Discount Emails that contain subject lines with unqualified percentage discounts off the purchase are misleading as the exclusions contained in the fine print within the body of the email substantially restrict the offer's applicability, failing to disclose terms "at the outset" in a manner that avoids misunderstanding. Defendant knowingly omits these exclusions in Percentage Discount Emails subject lines to drive email opens and engagement, as evidenced by their consistent use of fine-print disclaimers in promotional emails.

**ANSWER**: Defendant denies the allegations in Paragraph 11.

12. Defendant's practice of sending Free Gift Emails and Percentage Discount Emails that contain false and misleading information in the subject line violates Indiana's Deceptive Commercial Electronic Mail statute, Ind. Code § 24-5-22-7(b)(3) ("IDCEM").

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant denies all remaining allegations in Paragraph 12.

13. By sending emails with false and misleading information in the subject lines to Named Plaintiffs and the Class (defined below), Defendant clogs email inboxes with false information and violates Named Plaintiffs' and Class members' rights to be free from deceptive commercial emails.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant denies all remaining allegations in Paragraph 13.

14. Named Plaintiffs bring this action as a class action on behalf of persons residing in Indiana who also received Defendant's false and misleading emails. Named Plaintiffs [sic] requested relief includes an award to Named Plaintiffs and Class members of statutory presumptive damages of $500 per illegal email, attorney's fees, costs, and injunctive relief under Ind. Code § 24-5-22-10(d).

**ANSWER**: Defendant admits that Plaintiffs Ashley Johnson and Alexis Brimhall purport to bring this action on behalf of themselves and a putative class, as described in Paragraph 14. Defendant

states that Lisa Cole, Misty Grebel, Kayla Slachta, and Jill Reisinger were dismissed from this litigation and are no longer parties to this litigation. *See* Dkts. 84, 85, 88, 89, 90, 95, 96, 98, 100, 111, 112. To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant denies all remaining allegations in Paragraph 14.

## II. PARTIES

15. Named Plaintiff Cole is a citizen of Indiana and resides in Monroe County.

**ANSWER**: Defendant states that Lisa Cole was dismissed without prejudice from this action, rendering the allegations in Paragraph 15 moot. *See* Dkts. 98, 100. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies them.

16. Named Plaintiff Johnson is a citizen of Indiana and resides in Wayne County.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies them.

17. Named Plaintiff Grebel is a citizen of Indiana and resides in Morgan County.

**ANSWER**: Defendant states that Misty Grebel is no longer a party to this litigation, rendering the allegations in Paragraph 17 moot. *See* Dkts. 95, 96. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies them.

18. Named Plaintiff Brimhall is a citizen of Indiana and resides in Johnson County.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis denies them.

19. Named Plaintiff Slachta is a citizen of Indiana and resides in Lake County.

**ANSWER**: Defendant states that Kayla Slachta is no longer a party to this litigation, rendering the allegations in Paragraph 19 moot. *See* Dkts. 88, 89. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies them.

20. Named Plaintiff Reisinger is a citizen of Indiana and resides in Warrick County.

**ANSWER**: Defendant states that Jill Reisinger is no longer a party to this litigation, rendering the allegations in Paragraph 20 moot. *See* Dkts. 84, 85, 111, 112. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies them.

21. Defendant Ulta is a corporation chartered under the laws of the State of Delaware. Defendant currently is, and at all relevant times in the past has, engaged in substantial business activities in Indiana.

**ANSWER**: Defendant admits the allegations in the first sentence of Paragraph 21. As to the second sentence of this paragraph, Defendant admits that it engages in business activities in the State of Indiana. Defendant denies all remaining allegations in Paragraph 21.

22. Defendant owns and operates a large online marketplace, maintains more than twenty (20) physical stores in the state, and sends the marketing emails at issue in this Complaint to consumers throughout Indiana.

**ANSWER**: Defendant admits that it operates a website and a mobile application on which consumers may purchase goods and services. Defendant further admits that it maintains more than twenty (20) physical stores in the State of Indiana and that it has sent promotional emails to consumers with Indiana mailing addresses. Defendant denies all remaining allegations in Paragraph 22.

## III. JURISDICTION AND VENUE

23. This Court has subject-matter jurisdiction over this action under Indiana law.

**ANSWER**: Defendant admits that this Court, the Southern District of Indiana, has jurisdiction over Plaintiffs' claims. Defendant denies all remaining allegations in Paragraph 23.

24. This Court has personal jurisdiction over Defendant because, among other things, Ulta initiated or assisted the transmission of commercial email that violates Ind. Code § 24-5-22 to addresses held by Indiana residents and/or from a computer located in Indiana, and a person outside Indiana who initiates or assists such transmissions knowing or having reason to know the messages will be received in Indiana submits to the jurisdiction of Indiana courts. Ind. Code § 24-5-22-7(c), and § 24-5-22-10(e).

**ANSWER**: Defendant admits that this Court, the Southern District of Indiana, has jurisdiction over Plaintiffs' claims. To the extent this allegation relates to an alleged violation of § 24-5-22-7(c) and § 24-5-22-10(e) of IDCEMA, Defendant states that the conspiracy claim was dismissed with prejudice by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 20–21. Defendant denies all remaining allegations in Paragraph 24.

25. Venue is proper because a substantial part of the events or omissions giving rise to the claims occurred in this county, including the receipt of the commercial emails.

**ANSWER**: Defendant admits that venue is proper in this district. Defendant denies all remaining allegations in Paragraph 25.

## IV. FACTUAL ALLEGATIONS[1]

### A. The IDCEM prohibits initiating or conspiring to initiate the transmission of commercial emails that contain any false or misleading information in the subject lines.

26. The IDCEM regulates deceptive email marketing.

**ANSWER**: The allegations in Paragraph 26 state legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendant states that IDCEMA speaks for itself, denies any allegations or characterizations contrary thereto, and denies all remaining allegations in Paragraph 26.

[1] Defendant denies any and all allegations in the headings and sub-headings of the Complaint.

27. The IDCEM creates an independent but limited private right of action which can be asserted by a person who is the recipient of a commercial electronic mail message which contains false or misleading information in the subject line.

**ANSWER**: The allegations in Paragraph 27 state legal conclusions to which no response is required. To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails to consumers with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. To the extent the allegations are intended to be factual, Defendant states that IDCEMA speaks for itself, denies any allegations or characterizations contrary thereto, and denies all remaining allegations in Paragraph 27.

28. A plaintiff who successfully alleges and proves such a violation may obtain an injunction against future violations, statutory damages of $500 per violation and attorneys' fees.

**ANSWER**: The allegations in Paragraph 28 state legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendant states that IDCEMA speaks for itself, denies any allegations or characterizations contrary thereto, and denies all remaining allegations in Paragraph 28.

**B. Defendant initiates or conspires to initiate the transmission of commercial emails that contain false or misleading information in the subject lines.**

29. Defendant has initiated (or conspired to initiate) the transmission of hundreds of commercial electronic mail messages with false or misleading subject lines to Named Plaintiffs and the Class. The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Defendant also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails to consumers with "false" information in the subject line or that Defendant "conspired" to send emails to consumers, Defendant states those

claims were dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10, 20–21. Defendant denies all remaining allegations in Paragraph 29.

30. Defendant sent the emails for the purpose of promoting its goods for sale.

**ANSWER**: Defendant admits that it sends certain emails to promote products for sale. Defendant denies all remaining allegations in Paragraph 30.

31. The emails were sent at Defendant's direction and were approved by Defendant.

**ANSWER**: Defendant admits that it directs and approves the transmission of certain promotional emails. Defendant denies all remaining allegations in Paragraph 31.

### 1. Free Gift Emails

32. Defendant frequently sends emails with subject lines stating that a "free" gift is available to the recipient of the email. The body of these emails (and fine print), however, contains conditions that must be satisfied in order for the recipient to receive their promised "free gift" that, as it turns out, is not actually free.

**ANSWER**: Defendant admits that it periodically sends emails that contain the words "free gift" in the email subject line and that those emails disclose all applicable terms and conditions. Defendant denies all remaining allegations in Paragraph 32.

33. On November 25, 2023, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Did someone say FREE GIFT? (Choose from 8!) [hands emoji.]"

**ANSWER**: Defendant admits that it sent an email on November 25, 2023, with the subject line containing the text "Did someone say FREE GIFT? (Choose from 8!) [hands emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 33.

34. On November 27, 2023, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[fire emojis] FREE 22 PC gift + JUST ADDED Cyber Monday deals [emoji.]"

**ANSWER**: Defendant admits that it sent an email on November 27, 2023, with the subject line containing the text "[fire emojis] FREE 22 PC gift + JUST ADDED Cyber Monday deals [emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 34.

35. On November 30, 2023, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "A $131 value-but FREE for you! [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on November 30, 2023, with the subject line containing the text "A $131 value-but FREE for you! [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 35.

36. On December 2, 2023, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Want a FREE mystery gift? [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on December 2, 2023, with the subject line containing the text "Want a FREE mystery gift? [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 36.

37. On December 4, 2023, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 28 PC gift can be yours [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on December 4, 2023, with the subject line containing the text "FREE 28 PC gift can be yours [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 37.

38. On December 5, 2023, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[ghost emoji] Get your FREE 5 PC fragrance gift[.]"

**ANSWER**: Defendant admits that it sent an email on December 5, 2023, with the subject line containing the text "[ghost emoji] Get your FREE 5 PC fragrance gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 38.

39. On December 6, 2023, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "This [star emoji] FREE 28 PC gift [star emoji] has your name on it[.]"

**ANSWER**: Defendant admits that it sent an email on December 6, 2023, with the subject line containing the text "This [star emoji] FREE 28 PC gift [star emoji] has your name on it[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 39.

40. On January 7, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Want a FREE 6 PC beauty gift?"

**ANSWER**: Defendant admits that it sent an email on January 7, 2024, with the subject line containing the text "Want a FREE 6 PC beauty gift?" to certain email addresses. Defendant denies all remaining allegations in Paragraph 40.

41. On January 10, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Love Drunk Elephant? Get this gift FREE[.]"

**ANSWER**: Defendant admits that it sent an email on January 10, 2024, with the subject line containing the text "Love Drunk Elephant? Get this gift FREE[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 41.

42. On January 10, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[Name], this FREE Urban Decay 4 PC gift has your name on it[.]"

**ANSWER**: Defendant admits that it sent an email on January 10, 2024, with the subject line containing the text "[Name], this FREE Urban Decay 4 PC gift has your name on it[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 42.

43. On January 12, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "For you: FREE 9 PC gift [emoji.]"

**ANSWER**: Defendant admits that it sent an email on January 12, 2024, with the subject line containing the text "For you: FREE 9 PC gift [emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 43.

44. On January 15, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE Drybar gift right this way [hand emoji.]"

**ANSWER**: Defendant admits that it sent an email on January 15, 2024, with the subject line containing the text "FREE Drybar gift right this way [hand emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 44.

45. On January 19, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 4 PC Beekman 1802 gift [stars emoji] Today only 4-8 [stars emoji.]"

**ANSWER**: Defendant denies the allegations in Paragraph 45.

46. On January 21, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 13 PC gift + new finds & deals [stars emoji.]"

**ANSWER**: Defendant admits that it sent an email on January 21, 2024, with the subject line containing the text "FREE 13 PC gift + new finds & deals [stars emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 46.

47. On January 22, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Philosophy fans: FREE 5 PC gift inside [hand emoji.]"

**ANSWER**: Defendant admits that it sent an email on January 22, 2024, with the subject line containing the text "Philosophy fans: FREE 5 PC gift inside [hand emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 47.

48. On January 31, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[ghost emoji] Score a FREE full size 3 PC Hempz gift while you can[.]"

**ANSWER**: Defendant admits that it sent an email on January 31, 2024, with the subject line containing the text "[ghost emoji] Score a FREE full size 3 PC Hempz gift while you can[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 48.

49. On February 7, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[heart emoji] FREE 4 PC Gucci fragrance gift[.]"

**ANSWER**: Defendant admits that it sent an email on February 7, 2024, with the subject line containing the text "[heart emoji] FREE 4 PC Gucci fragrance gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 49.

50. On February 7, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[heart emoji] FREE 4 PC Armani gift ($100 value!) [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on February 7, 2024, with the subject line containing the text "[heart emoji] FREE 4 PC Armani gift ($100 value!) [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 50.

51. On February 9, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Choose from 3 FREE 26 PC gifts! [present emoji.]"

**ANSWER**: Defendant admits that it sent an email on February 9, 2024, with the subject line containing the text "Choose from 3 FREE 26 PC gifts! [present emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 51.

52. On February 12, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[ghost emoji] FREE 5 PC Sunday Riley skin care gift[.]"

**ANSWER**: Defendant admits that it sent an email on February 12, 2024, with the subject line containing the text "[ghost emoji] FREE 5 PC Sunday Riley skin care gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 52.

53. On February 12, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE YSL gift + looks for your zodiac [emoji.]"

**ANSWER**: Defendant admits that it sent an email on February 12, 2024, with the subject line containing the text "FREE YSL gift + looks for your zodiac [emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 53.

54. On February 20, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 7 PC makeup gift inside [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on February 20, 2024, with the subject line containing the text "FREE 7 PC makeup gift inside [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 54.

55. On February 21, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[face emoji] Quick! Grab your FREE 7 PC gift [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on February 21, 2024, with the subject line containing the text "[face emoji] Quick! Grab your FREE 7 PC gift [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 55.

56. On February 26, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "SO MANY FREE GIFTS INSIDE [hand pointing emoji.]"

**ANSWER**: Defendant admits that it sent an email on February 26, 2024, with the subject line containing the text "SO MANY FREE GIFTS INSIDE [hand pointing emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 56.

57. On March 8, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Hello, free 8 PC gift [hands emoji] Choose from 3!"

**ANSWER**: Defendant admits that it sent an email on March 8, 2024, with the subject line containing the text "Hello, free 8 PC gift [hands emoji] Choose from 3!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 57.

58. On March 11, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Yep! [ghost emoji] Free 5 PC Peach & Lily gift inside[.]"

**ANSWER**: Defendant admits that it sent an email on March 11, 2024, with the subject line containing the text "Yep! [ghost emoji] Free 5 PC Peach & Lily gift inside[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 58.

59. On March 13, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[face emoji] Free 4 PC MAC gift [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on March 13, 2024, with the subject line containing the text "[face emoji] Free 4 PC MAC gift [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 59.

60. On March 20, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 4 PC Too Faced gift? Yes, please!"

**ANSWER**: Defendant admits that it sent an email on March 20, 2024, with the subject line containing the text "FREE 4 PC Too Faced gift? Yes, please!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 60.

61. On March 27, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "It's YOURS: Free 5 PC Clinique gift [present emoji.]"

**ANSWER**: Defendant admits that it sent an email on March 27, 2024, with the subject line containing the text "It's YOURS: Free 5 PC Clinique gift [present emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 61.

62. On March 31, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 3 PC Jimmy Choo gift!"

**ANSWER**: Defendant admits that it sent an email on March 31, 2024, with the subject line containing the text "FREE 3 PC Jimmy Choo gift!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 62.

63. On April 8, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[sun emoji] FREE 5 PC Beekman 1802 gift right this way [arrow emoji.]"

**ANSWER**: Defendant admits that it sent an email on April 8, 2024, with the subject line containing the text "[sun emoji] FREE 5 PC Beekman 1802 gift right this way [arrow emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 63.

64. On April 13, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[face emoji] Choose between 2 FREE 11 PC gifts [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on April 13, 2024, with the subject line containing the text "[face emoji] Choose between 2 FREE 11 PC gifts [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 64.

65. On April 15, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 4 PC Burberry fragrance gift [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on April 15, 2024, with the subject line containing the text "FREE 4 PC Burberry fragrance gift [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 65.

66. On April 17, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "4 hours only: FREE 5 PC Benefit Cosmetics gift [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on April 17, 2024, with the subject line containing the text "4 hours only: FREE 5 PC Benefit Cosmetics gift [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 66.

67. On April 17, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Get this Half Magic gift-for FREE [stars emoji.]"

**ANSWER**: Defendant admits that it sent an email on April 17, 2024, with the subject line containing the text "Get this Half Magic gift-for FREE [stars emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 67.

68. On April 18, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE MYSTERY GIFT (choose from 5!) [hands emoji.]"

**ANSWER**: Defendant admits that it sent an email on April 18, 2024, with the subject line containing the text "FREE MYSTERY GIFT (choose from 5!) [hands emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 68.

69. On April 22, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "2X points and SO. Many. Free. GIFTS [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on April 22, 2024, with the subject line containing the text "2X points and SO. Many. Free. GIFTS [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 69.

70. On April 29, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "8 hours only: FREE Yves Saint Laurent gift worth $100 [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on April 29, 2024, with the subject line containing the text "8 hours only: FREE Yves Saint Laurent gift worth $100 [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 70.

71. On April 30, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[face emoji] FREE 10 PC makeup gift ($95 value!)[.]"

**ANSWER**: Defendant admits that it sent an email on April 30, 2024, with the subject line containing the text "[face emoji] FREE 10 PC makeup gift ($95 value!)[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 71.

72. On May 1, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Mugler Fragrances: FREE 4 PC gift [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on May 1, 2024, with the subject line containing the text "Mugler Fragrances: FREE 4 PC gift [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 72.

73. On May 5, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "All yours: FREE 4 PC Kate Spade gift [flower emoji.]"

**ANSWER**: Defendant admits that it sent an email on May 5, 2024, with the subject line containing the text "All yours: FREE 4 PC Kate Spade gift [flower emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 73.

74. On May 9, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 5 PC Viktor&Rolf fragrance gift [emoji.]"

**ANSWER**: Defendant admits that it sent an email on May 9, 2024, with the subject line containing the text "FREE 5 PC Viktor&Rolf fragrance gift [emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 74.

75. On May 13, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE gifts & deals [finger pointing emoji.]"

**ANSWER**: Defendant admits that it sent an email on May 13, 2024, with the subject line containing the text "FREE gifts & deals [finger pointing emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 75.

76. On May 15, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 4 PC FULL-SIZE r.e.m. beauty gift[.]"

**ANSWER**: Defendant admits that it sent an email on May 15, 2024, with the subject line containing the text "FREE 4 PC FULL-SIZE r.e.m. beauty gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 76.

77. On May 20, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "For your makeup bag [ghost emoji] FREE 4 PC Bobbi Brown gift[.]"

**ANSWER**: Defendant admits that it sent an email on May 20, 2024, with the subject line containing the text "For your makeup bag [ghost emoji] FREE 4 PC Bobbi Brown gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 77.

78. On May 22, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Act fast! FREE IT Cosmetics gift available for 8 hours only!"

**ANSWER**: Defendant admits that it sent an email on May 22, 2024, with the subject line containing the text "Act fast! FREE IT Cosmetics gift available for 8 hours only!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 78.

79. On May 29, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 3 PC Olehenriksen gift! [hands emoji.]"

**ANSWER**: Defendant admits that it sent an email on May 29, 2024, with the subject line containing the text "FREE 3 PC Olehenriksen gift! [hands emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 79.

80. On June 4, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE bucket hat & hair clip combo [stars emoji.]"

**ANSWER**: Defendant admits that it sent an email on June 4, 2024, with the subject line containing the text "FREE bucket hat & hair clip combo [stars emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 80.

81. On June 8, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 11 PC gift [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on June 8, 2024, with the subject line containing the text "FREE 11 PC gift [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 81.

82. On June 9, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "APP ONLY! FREE 12 PC gift for you [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on June 9, 2024, with the subject line containing the text "APP ONLY! FREE 12 PC gift for you [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 82.

83. On June 10, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "$115 Prada-but FREE for you!"

**ANSWER**: Defendant admits that it sent an email on June 10, 2024, with the subject line containing the text "$115 Prada-but FREE for you!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 83.

84. On June 12, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Want FREE Drunk Elephant? Open this [finger pointing emoji.]"

**ANSWER**: Defendant admits that it sent an email on June 12, 2024, with the subject line containing the text "Want FREE Drunk Elephant? Open this [finger pointing emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 84.

85. On June 17, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 4 PC Dermalogica gift for you [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on June 17, 2024, with the subject line containing the text "FREE 4 PC Dermalogica gift for you [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 85.

86. On June 19, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "New from Fenty + FREE 4 PC gift[.]"

**ANSWER**: Defendant admits that it sent an email on June 19, 2024, with the subject line containing the text "New from Fenty + FREE 4 PC gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 86.

87. On June 26, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Oh, FREE 4 PC Sol de Janeiro gift! [heart.]"

**ANSWER**: Defendant admits that it sent an email on June 26, 2024, with the subject line containing the text "Oh, FREE 4 PC Sol de Janeiro gift! [heart.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 87.

88. On June 26, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 4 PC Bumble and bumble gift [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on June 26, 2024, with the subject line containing the text "FREE 4 PC Bumble and bumble gift [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 88.

89. On June 30, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 3 PC *full size* gift from The Ordinary[.]"

**ANSWER**: Defendant admits that it sent an email on June 30, 2024, with the subject line containing the text “FREE 3 PC *full size* gift from The Ordinary[.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 89.

90. On July 3, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “FREE 4 PC Vacation suncare gift [palm tree emoji.]”

**ANSWER**: Defendant admits that it sent an email on July 3, 2024, with the subject line containing the text “FREE 4 PC Vacation suncare gift [palm tree emoji.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 90.

91. On July 4, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “Cue the fireworks [emoji] FREE 12 PC gift is inside!”

**ANSWER**: Defendant admits that it sent an email on July 4, 2024, with the subject line containing the text “Cue the fireworks [emoji] FREE 12 PC gift is inside!” to certain email addresses. Defendant denies all remaining allegations in Paragraph 91.

92. On July 5, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “Woah-don't sleep on this FREE 5 PC Clinique gift!”

**ANSWER**: Defendant admits that it sent an email on July 5, 2024, with the subject line containing the text “Woah-don’t sleep on this FREE 5 PC Clinique gift!” to certain email addresses. Defendant denies all remaining allegations in Paragraph 92.

93. On July 15, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “Choose your FREE clean makeup gift from PUR or Jane Iredale [emoji.]”

**ANSWER**: Defendant admits that it sent an email on July 15, 2024, with the subject line containing the text “Choose your FREE clean makeup gift from PUR or Jane Iredale [emoji.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 93.

94. On July 18, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “FREE 20 PC gift for you + everything you need for rush [heart emoji.]”

**ANSWER**: Defendant admits that it sent an email on July 18, 2024, with the subject line containing the text "FREE 20 PC gift for you + everything you need for rush [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 94.

95. On July 22, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 3 PC Briogeo gift is YOURS [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on July 22, 2024, with the subject line containing the text "FREE 3 PC Briogeo gift is YOURS [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 95.

96. On July 24, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 11 PC gift to prep for back to school [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on July 24, 2024, with the subject line containing the text "FREE 11 PC gift to prep for back to school [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 96.

97. On July 31, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE deluxe 4 PC Buxom gift [heart emoji] limited time only!"

**ANSWER**: Defendant admits that it sent an email on July 31, 2024, with the subject line containing the text "FREE deluxe 4 PC Buxom gift [heart emoji] limited time only!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 97.

98. On August 1, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 12 PC gift + 5X points [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on August 1, 2024, with the subject line containing the text "FREE 12 PC gift + 5X points [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 98.

99. On August 7, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[face emoji] FREE 4 PC Laura Mercier gift inside [face emoji.]"

**ANSWER**: Defendant admits that it sent an email on August 7, 2024, with the subject line containing the text "[face emoji] FREE 4 PC Laura Mercier gift inside [face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 99.

100. On August 15, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[heart emoji] MEMBER EXCLUSIVE [heart emoji] Free 26 PC gift[.]"

**ANSWER**: Defendant admits that it sent an email on August 15, 2024, with the subject line containing the text "[heart emoji] MEMBER EXCLUSIVE [heart emoji] Free 26 PC gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 100.

101. On August 19, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 26 PC beauty bag [heart and stars emoji.]"

**ANSWER**: Defendant denies the allegations in Paragraph 101.

102. On August 21, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "YAY for OUAI! Get this 4 PC gift FREE [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on August 21, 2024, with the subject line containing the text "YAY for OUAI! Get this 4 PC gift FREE [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 102.

103. On August 23, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Your FREE 6 PC gift is inside[.]"

**ANSWER**: Defendant admits that it sent an email on August 23, 2024, with the subject line containing the text "Your FREE 6 PC gift is inside[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 103.

104. On August 28, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 10 PC makeup gift for you! [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on August 28, 2024, with the subject line containing the text "FREE 10 PC makeup gift for you! [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 104.

105. On September 4, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Oh wow [face emoji] FREE 4 PC Tarte gift inside [fire emoji.]"

**ANSWER**: Defendant admits that it sent an email on September 4, 2024, with the subject line containing the text "Oh wow [face emoji] FREE 4 PC Tarte gift inside [fire emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 105.

106. On September 7, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Choose your FREE 5 PC gift[.]"

**ANSWER**: Defendant admits that it sent an email on September 7, 2024, with the subject line containing the text "Choose your FREE 5 PC gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 106.

107. On September 8, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE Dolce&Gabbana 5 PC gift [face and stars emoji.]"

**ANSWER**: Defendant admits that it sent an email on September 8, 2024, with the subject line containing the text "FREE Dolce&Gabbana 5 PC gift [face and stars emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 107.

108. On September 9, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Your FREE Benefit Cosmetics gift is this way [finger pointing emoji.]"

**ANSWER**: Defendant denies the allegations in Paragraph 108.

109. On September 11, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Hey, Too Faced fans! Get your FREE 5 PC gift [heart and eyes emoji.]"

**ANSWER**: Defendant admits that it sent an email on September 11, 2024, with the subject line containing the text "Hey, Too Faced fans! Get your FREE 5 PC gift [heart and eyes emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 109.

110. On September 14, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Choose your FREE 7 PC mystery gift [heart and eyes emoji.]"

**ANSWER**: Defendant admits that it sent an email on September 14, 2024, with the subject line containing the text "Choose your FREE 7 PC mystery gift [heart and eyes emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 110.

111. On September 15, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Ready, set, GLOW [forward arrow emoji] FREE 4 PC gift from St. Tropez [stars emoji.]"

**ANSWER**: Defendant admits that it sent an email on September 15, 2024, with the subject line containing the text "Ready, set, GLOW [forward arrow emoji] FREE 4 PC gift from St. Tropez [stars emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 111.

112. On September 16, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Your FREE Stila gift is waiting [party face emoji.]"

**ANSWER**: Defendant admits that it sent an email on September 16, 2024, with the subject line containing the text "Your FREE Stila gift is waiting [party face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 112.

113. On September 17, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE skin care gift (a $120 value!) [shocked face emoji.]"

**ANSWER**: Defendant admits that it sent an email on September 17, 2024, with the subject line containing the text "FREE skin care gift (a $120 value!) [shocked face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 113.

114. On September 18, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Your [purse emoji] needs this FREE 5 PC NUDESTIX makeup gift [lipstick emoji.]"

**ANSWER**: Defendant admits that it sent an email on September 18, 2024, with the subject line containing the text "Your [purse emoji] needs this FREE 5 PC NUDESTIX makeup gift [lipstick emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 114.

115. On September 23, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 14 PC gift & Fall Haul offers you can't miss [fire emoji.]"

**ANSWER**: Defendant admits that it sent an email on September 23, 2024, with the subject line containing the text "FREE 14 PC gift & Fall Haul offers you can't miss [fire emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 115.

116. On September 25, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[hour glass emoji] 4 PC Hourglass gift inside [hour glass emoji.]"

**ANSWER**: Defendant admits that it sent an email on September 25, 2024, with the subject line containing the text "[hour glass emoji] 4 PC Hourglass gift inside [hour glass emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 116.

117. On September 25, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE Chloe fragrances [smiley face emoji.]"

**ANSWER**: Defendant admits that it sent an email on September 25, 2024, with the subject line containing the text "FREE Chloe fragrances [smiley face emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 117.

118. On September 30, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Get this 7 PC Estee Lauder FREE gift tonight only!"

**ANSWER**: Defendant admits that it sent an email on September 30, 2024, with the subject line containing the text "Get this 7 PC Estee Lauder FREE gift tonight only!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 118.

119. On October 3, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Choose your FREE beauty bag! [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on October 3, 2024, with the subject line containing the text "Choose your FREE beauty bag! [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 119.

120. On October 5, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Member exclusive [gift bag and stars emoji] FREE 9 PC beauty bag, choose from 3[.]"

**ANSWER**: Defendant admits that it sent an email on October 5, 2024, with the subject line containing the text "Member exclusive [gift bag and stars emoji] FREE 9 PC beauty bag, choose from 3[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 120.

121. On October 9, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[peach emoji] FREE 6 PC Peach & Lily skin care gift today only! [peach emoji.]"

**ANSWER**: Defendant admits that it sent an email on October 9, 2024, with the subject line containing the text "[peach emoji] FREE 6 PC Peach & Lily skin care gift today only! [peach emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 121.

122. On October 9, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "You deserve this FREE 6 PC bareMinerals gift + 2X points [stars emoji.]"

**ANSWER**: Defendant admits that it sent an email on October 9, 2024, with the subject line containing the text "You deserve this FREE 6 PC bareMinerals gift + 2X points [stars emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 122.

123. On October 10, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Inside: FREE 8 PC gift + the hottest giftable sets [gift box emoji.]"

**ANSWER**: Defendant admits that it sent an email on October 10, 2024, with the subject line containing the text "Inside: FREE 8 PC gift + the hottest giftable sets [gift box emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 123.

124. On October 14, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Re(MARC)able [smiley face emoji] Your FREE Marc Jacobs gift! [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on October 14, 2024, with the subject line containing the text "Re(MARC)able [smiley face emoji] Your FREE Marc Jacobs gift! [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 124.

125. On November 17, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 12 PC gift + up to 40% OFF fragrances [hands emoji.]"

**ANSWER**: Defendant admits that it sent an email on November 17, 2024, with the subject line containing the text "FREE 12 PC gift + up to 40% OFF fragrances [hands emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 125.

126. On November 27, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Gifts for them, FREE gifts for you [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on November 27, 2024, with the subject line containing the text "Gifts for them, FREE gifts for you [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 126.

127. On December 9, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "For YOU: FREE 11 PC gift + 20% off [heart emoji.]"

**ANSWER**: Defendant admits that it sent an email on December 9, 2024, with the subject line containing the text "For YOU: FREE 11 PC gift + 20% off [heart emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 127.

128. On December 9, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "For YOU: FREE 11 PC gift [heart emoji][.]"

**ANSWER**: Defendant admits that it sent an email on December 9, 2024, with the subject line containing the text "For YOU: FREE 11 PC gift [heart emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 128.

129. On December 27, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "This 17 PC gift? It's FREE! [face emoji][.]"

**ANSWER**: Defendant admits that it sent an email on December 27, 2024, with the subject line containing the text "This 17 PC gift? It's FREE! [face emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 129.

130. On December 27, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "3X points + FREE 8 PC skin care gift[.]"

**ANSWER**: Defendant admits that it sent an email on December 27, 2024, with the subject line containing the text "3X points + FREE 8 PC skin care gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 130.

131. On December 30, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE RABANNE [face emoji] Get your 5 PC gift now[.]"

**ANSWER**: Defendant admits that it sent an email on December 30, 2024, with the subject line containing the text "FREE RABANNE [face emoji] Get your 5 PC gift now[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 131.

132. On January 1, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Get your FREE Bobbi Brown gift! [heart emoji][.]"

**ANSWER**: Defendant admits that it sent an email on January 1, 2025, with the subject line containing the text "Get your FREE Bobbi Brown gift! [heart emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 132.

133. On January 1, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "NEW NARS + FREE 5 PC gift [gift box emoji.]"

**ANSWER**: Defendant admits that it sent an email on January 1, 2025, with the subject line containing the text "NEW NARS + FREE 5 PC gift [gift box emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 133.

134. On January 2, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 7 PC body care gift [smiley face emoji] (hello, self-care!)[.]"

**ANSWER**: Defendant admits that it sent an email on January 2, 2025, with the subject line containing the text "FREE 7 PC body care gift [smiley face emoji] (hello, self-care!)[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 134.

135. On January 5, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[stars emoji] FREE 4 PC Dermalogica gift (deluxe samples included!) [stars emoji][.]"

**ANSWER**: Defendant admits that it sent an email on January 5, 2025, with the subject line containing the text "[stars emoji] FREE 4 PC Dermalogica gift (deluxe samples included!) [stars emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 135.

136. On January 8, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Free 4 PC Sol de Janeiro gift-today only! [heart emoji][.]"

**ANSWER**: Defendant admits that it sent an email on January 8, 2025, with the subject line containing the text "Free 4 PC Sol de Janeiro gift-today only! [heart emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 136.

137. On January 9, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 6 PC gift + beauty that takes care of *you* [heart face emoji][.]"

**ANSWER**: Defendant admits that it sent an email on January 9, 2025, with the subject line containing the text "FREE 6 PC gift + beauty that takes care of *you* [heart face emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 137.

138. On January 10, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Your FREE 8 PC skin care gift [present emoji] choose from 2!"

**ANSWER**: Defendant admits that it sent an email on January 10, 2025, with the subject line containing the text "Your FREE 8 PC skin care gift [present emoji] choose from 2!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 138.

139. On January 14, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Alexis, FREE 11 PC gift + TONS of skin care deals for you [eyes emoji][.]"

**ANSWER**: Defendant admits that it sent an email on January 14, 2025, with the subject line containing the text "Alexis, FREE 11 PC gift + TONS of skin care deals for you [eyes emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 139.

140. On January 15, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Don't miss your FREE 5 PC Biolage gift [heart face and plant emoji][.]"

**ANSWER**: Defendant admits that it sent an email on January 15, 2025, with the subject line containing the text "Don't miss your FREE 5 PC Biolage gift [heart face and plant emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 140.

141. On January 15, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE Kiehl's Since 1851 gift for you! [heart face emoji][.]"

**ANSWER**: Defendant admits that it sent an email on January 15, 2025, with the subject line containing the text "FREE Kiehl's Since 1851 gift for you! [heart face emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 141.

142. On January 18, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 18 PC skin care gift - a $133 value! [surprised face emoji][.]"

**ANSWER**: Defendant admits that it sent an email on January 18, 2025, with the subject line containing the text "FREE 18 PC skin care gift - a $133 value! [surprised face emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 142.

143. On January 19, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "A FREE 5 PC Philosophy gift to love [heart emoji][.]"

**ANSWER**: Defendant admits that it sent an email on January 19, 2025, with the subject line containing the text "A FREE 5 PC Philosophy gift to love [heart emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 143.

144. On January 20, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “You need this FREE 4 PC NYX Professional Makeup gift[.]”

**ANSWER**: Defendant admits that it sent an email on January 20, 2025, with the subject line containing the text “You need this FREE 4 PC NYX Professional Makeup gift[.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 144.

145. On January 22, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “FREE 4 PC Snif fragrance gift [face emoji][.]”

**ANSWER**: Defendant admits that it sent an email on January 22, 2025, with the subject line containing the text “FREE 4 PC Snif fragrance gift [face emoji][.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 145.

146. On January 22, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “4 PC Fenty Beauty gift - it's ON [emoji][.]”

**ANSWER**: Defendant admits that it sent an email on January 22, 2025, with the subject line containing the text “4 PC Fenty Beauty gift - it’s ON [emoji][.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 146.

147. On January 27, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “FREE 3 PC Ralph Lauren fragrance gift[.]”

**ANSWER**: Defendant admits that it sent an email on January 27, 2025, with the subject line containing the text “FREE 3 PC Ralph Lauren fragrance gift[.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 147.

148. On January 29, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “FREE Prada for you, Alexis [face emoji.]”

**ANSWER**: Defendant admits that it sent an email on January 29, 2025, with the subject line containing the text “FREE Prada for you, Alexis [face emoji.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 148.

149. On January 29, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[elephant emoji] FREE Drunk Elephant gift inside [finger pointing emoji][.]"

**ANSWER**: Defendant admits that it sent an email on January 29, 2025, with the subject line containing the text "[elephant emoji] FREE Drunk Elephant gift inside [finger pointing emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 149.

150. On February 2, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Love notes + FREE 12 PC fragrance gift[.]"

**ANSWER**: Defendant admits that it sent an email on February 2, 2025, with the subject line containing the text "Love notes + FREE 12 PC fragrance gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 150.

151. On February 5, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "A FREE 4 PC Yves Saint Laurent fragrance gift (yes, really)[.]"

**ANSWER**: Defendant admits that it sent an email on February 5, 2025, with the subject line containing the text "A FREE 4 PC Yves Saint Laurent fragrance gift (yes, really)[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 151.

152. On February 7, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Choose from 3 FREE 21 PC gifts !!"

**ANSWER**: Defendant admits that it sent an email on February 7, 2025, with the subject line containing the text "Choose from 3 FREE 21 PC gifts !!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 152.

153. On February 10, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Meet NOYZ [heart emoji] (and get 5 of their scents for FREE!)[.]"

**ANSWER**: Defendant admits that it sent an email on February 10, 2025, with the subject line containing the text "Meet NOYZ [heart emoji] (and get 5 of their scents for FREE!)[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 153.

154. On February 12, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "2 days until V-Day + 14 PC gift that's a beauty dream come true [emoji][.]"

**ANSWER**: Defendant admits that it sent an email on February 12, 2025, with the subject line containing the text "2 days until V-Day + 14 PC gift that's a beauty dream come true [emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 154.

155. On February 13, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Buy one get one FREE minis + FREE 15 PC gift[.]"

**ANSWER**: Defendant admits that it sent an email on February 13, 2025, with the subject line containing the text "Buy one get one FREE minis + FREE 15 PC gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 155.

156. On February 16, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 4 PC Kopari Beauty gift with deluxe samples!"

**ANSWER**: Defendant admits that it sent an email on February 16, 2025, with the subject line containing the text "FREE 4 PC Kopari Beauty gift with deluxe samples!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 156.

157. On February 25, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[heart emoji] FREE 9 PC dermatologist recommended skin care gift [heart emoji][.]"

**ANSWER**: Defendant admits that it sent an email on February 25, 2025, with the subject line containing the text "[heart emoji] FREE 9 PC dermatologist recommended skin care gift [heart emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 157.

158. On February 26, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Hair self-care: A FREE 5 PC Bumble and bumble gift [emoji][.]"

**ANSWER**: Defendant admits that it sent an email on February 26, 2025, with the subject line containing the text "Hair self-care: A FREE 5 PC Bumble and bumble gift [emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 158.

159. On February 26, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Honey, you need this 4 PC Farmacy gift [honey pot emoji][.]"

**ANSWER**: Defendant admits that it sent an email on February 26, 2025, with the subject line containing the text "Honey, you need this 4 PC Farmacy gift [honey pot emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 159.

160. On March 2, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE Grande Cosmetics starter kit inside[.]"

**ANSWER**: Defendant admits that it sent an email on March 2, 2025, with the subject line containing the text "FREE Grande Cosmetics starter kit inside[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 160.

161. On March 3, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[flower emoji] Get this 5 PC FREE Clinique gift TODAY ONLY [flower emoji][.]"

**ANSWER**: Defendant admits that it sent an email on March 3, 2025, with the subject line containing the text "[flower emoji] Get this 5 PC FREE Clinique gift TODAY ONLY [flower emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 161.

162. On March 5, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "9 FREE TSA approved minis ($90+ value!)[.]"

**ANSWER**: Defendant admits that it sent an email on March 5, 2025, with the subject line containing the text "9 FREE TSA approved minis ($90+ value!)[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 162.

163. On March 8, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE International Women's Day gift [heart emoji][.]"

**ANSWER**: Defendant admits that it sent an email on March 8, 2025, with the subject line containing the text "FREE International Women's Day gift [heart emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 163.

164. On March 10, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "This FREE 7 PC Origins gift is a $98 value! [plant emoji][.]"

**ANSWER**: Defendant admits that it sent an email on March 10, 2025, with the subject line containing the text "This FREE 7 PC Origins gift is a $98 value! [plant emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 164.

165. On March 19, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Score a FREE 4 PC Shiseido gift ($56 value!) [present and star emoji][.]"

**ANSWER**: Defendant admits that it sent an email on March 19, 2025, with the subject line containing the text "Score a FREE 4 PC Shiseido gift ($56 value!) [present and star emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 165.

166. On March 23, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Grab your FREE KYLIE COSMETICS & KYLIE JENNER FRAGRANCES gift! [face emoji][.]"

**ANSWER**: Defendant admits that it sent an email on March 23, 2025, with the subject line containing the text "Grab your FREE KYLIE COSMETICS & KYLIE JENNER FRAGRANCES

gift! [face emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 166.

167. On March 24, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "This FREE Marc Jacobs gift is SO GOOD [face emoji][.]"

**ANSWER**: Defendant admits that it sent an email on March 24, 2025, with the subject line containing the text "This FREE Marc Jacobs gift is SO GOOD [face emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 167.

168. On March 25, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 5 PC skin care gift + NEW spring skin picks [flower emoji][.]"

**ANSWER**: Defendant admits that it sent an email on March 25, 2025, with the subject line containing the text "FREE 5 PC skin care gift + NEW spring skin picks [flower emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 168.

169. On March 26, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Oooh, a FREE 5 PC Benefit Cosmetics gift [heart emoji][.]"

**ANSWER**: Defendant admits that it sent an email on March 26, 2025, with the subject line containing the text "Oooh, a FREE 5 PC Benefit Cosmetics gift [heart emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 169.

170. On March 29, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "All things FREE: 13 PC gift + 9 PC Ulta Beauty Collection gift[.]"

**ANSWER**: Defendant admits that it sent an email on March 29, 2025, with the subject line containing the text "All things FREE: 13 PC gift + 9 PC Ulta Beauty Collection gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 170.

171. On March 29, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 13 PC gift + sooo many Spring Haul deals [gift bag emoji.]"

**ANSWER**: Defendant admits that it sent an email on March 29, 2025, with the subject line containing the text "FREE 13 PC gift + sooo many Spring Haul deals [gift bag emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 171.

172. On March 31, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 4 PC Beekman 1802 gift [face emoji][.]"

**ANSWER**: Defendant admits that it sent an email on March 31, 2025, with the subject line containing the text "FREE 4 PC Beekman 1802 gift [face emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 172.

173. On April 1, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "These Spring Haul picks + FREE gift have your name on them!"

**ANSWER**: Defendant admits that it sent an email on April 1, 2025, with the subject line containing the text "These Spring Haul picks + FREE gift have your name on them!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 173.

174. On April 1, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[plant emoji] FREE 7 PC Conscious Beauty gift [plant emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 1, 2025, with the subject line containing the text "[plant emoji] FREE 7 PC Conscious Beauty gift [plant emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 174.

175. On April 2, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "HUGE deals | FREE gifts | Spring HAUL [surprised face emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 2, 2025, with the subject line containing the text "HUGE deals | FREE gifts | Spring HAUL [surprised face emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 175.

176. On April 4, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Quick! Claim your FREE 6 PC Morphe gift [eyes emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 4, 2025, with the subject line containing the text "Quick! Claim your FREE 6 PC Morphe gift [eyes emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 176.

177. On April 4, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[peach emoji] It's National Vitamin C Day [peach emoji] Here's your FREE 7 PC gift!"

**ANSWER**: Defendant admits that it sent an email on April 4, 2025, with the subject line containing the text "[peach emoji] It's National Vitamin C Day [peach emoji] Here's your FREE 7 PC gift!" to certain email addresses. Defendant denies all remaining allegations in Paragraph 177.

178. On April 5, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 9 PC gift + save on Truly, Le Monde Gourmand & more [heart emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 5, 2025, with the subject line containing the text "FREE 9 PC gift + save on Truly, Le Monde Gourmand & more [heart emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 178.

179. On April 14, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Get this 5 PC Burberry gift tonight only! [heart emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 14, 2025, with the subject line containing the text "Get this 5 PC Burberry gift tonight only! [heart emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 179.

180. On April 16, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "This FREE 6 PC WYN gift ($65+ value!) will be a big hit [tennis ball emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 16, 2025, with the subject line containing the text "This FREE 6 PC WYN gift ($65+ value!) will be a big hit [tennis ball

emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 180.

181. On April 16, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Your FREE Bobbi Brown gift right this way [forward arrow emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 16, 2025, with the subject line containing the text "Your FREE Bobbi Brown gift right this way [forward arrow emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 181.

182. On April 19, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "It's raining FREE gifts & product drops! [raining umbrella emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 19, 2025, with the subject line containing the text "It's raining FREE gifts & product drops! [raining umbrella emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 182.

183. On April 22, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE fragrance gifts you'll only find here [face emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 22, 2025, with the subject line containing the text "FREE fragrance gifts you'll only find here [face emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 183.

184. On April 27, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "This FREE 4 PC Matrix hair gift is extra [stars emoji] shiny [stars emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 27, 2025, with the subject line containing the text "This FREE 4 PC Matrix hair gift is extra [stars emoji] shiny [stars emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 184.

185. On April 28, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 12 PC gift ($100+ value!) for your next music festival[.]"

**ANSWER**: Defendant admits that it sent an email on April 28, 2025, with the subject line containing the text "FREE 12 PC gift ($100+ value!) for your next music festival[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 185.

186. On April 30, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 5 PC Cecred gift [heart emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 30, 2025, with the subject line containing the text "FREE 5 PC Cecred gift [heart emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 186.

187. On May 3, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE gift + Spring trend alert [siren emoji] Must-have makeup sticks[.]"

**ANSWER**: Defendant admits that it sent an email on May 3, 2025, with the subject line containing the text "FREE gift + Spring trend alert [siren emoji] Must-have makeup sticks[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 187.

188. On May 4, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Get this FREE 5 PC Dolce&Gabbana gift + 5X points[.]"

**ANSWER**: Defendant admits that it sent an email on May 4, 2025, with the subject line containing the text "Get this FREE 5 PC Dolce&Gabbana gift + 5X points[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 188.

189. On May 7, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE gift ($128 value!) [stars emoji] from Viktor&Rolf[.]"

**ANSWER**: Defendant admits that it sent an email on May 7, 2025, with the subject line containing the text "FREE gift ($128 value!) [stars emoji] from Viktor&Rolf[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 189.

190. On May 8, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 4 PC Mugler gift ($100 value!) + 5X points! [stars emoji.]"

**ANSWER**: Defendant admits that it sent an email on May 8, 2025, with the subject line containing the text "FREE 4 PC Mugler gift ($100 value!) + 5X points! [stars emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 190.

191. On May 9, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Gifts for all moms + FREE Wellness gift[.]"

**ANSWER**: Defendant admits that it sent an email on May 9, 2025, with the subject line containing the text "Gifts for all moms + FREE Wellness gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 191.

192. On May 12, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[bow tie emoji] Sabrina Carpenter's fave hair care + FREE gift[.]"

**ANSWER**: Defendant admits that it sent an email on May 12, 2025, with the subject line containing the text "[bow tie emoji] Sabrina Carpenter's fave hair care + FREE gift[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 192.

193. On May 18, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "[sun emoji] Sun-day fun day FREE gift, deals & more! [sun emoji][.]"

**ANSWER**: Defendant admits that it sent an email on May 18, 2025, with the subject line containing the text "[sun emoji] Sun-day fun day FREE gift, deals & more! [sun emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 193.

194. On May 19, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "FREE 5 PC Estee Lauder gift [face emoji][.]"

**ANSWER**: Defendant admits that it sent an email on May 19, 2025, with the subject line containing the text "FREE 5 PC Estee Lauder gift [face emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 194.

195. On May 19, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “Say "I do" to this FREE gift + wedding makeup picks [engagement ring emoji.]”

**ANSWER**: Defendant admits that it sent an email on May 19, 2025, with the subject line containing the text “Say “I do” to this FREE gift + wedding makeup picks [engagement ring emoji.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 195.

196. On May 21, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “On Wednesdays we get a FREE 4 PC Tarte gift [heart emoji][.]”

**ANSWER**: Defendant admits that it sent an email on May 21, 2025, with the subject line containing the text “On Wednesdays we get a FREE 4 PC Tarte gift [heart emoji][.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 196.

197. On June 9, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “Get your FREE 4 PC Clarins skin care & makeup gift[.]”

**ANSWER**: Defendant admits that it sent an email on June 9, 2025, with the subject line containing the text “Get your FREE 4 PC Clarins skin care & makeup gift[.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 197.

198. On August 15, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: “Did someone say FREE GIFTS? [surprised face emoji][.]”

**ANSWER**: Defendant admits that it sent an email on August 15, 2025, with the subject line containing the text “Did someone say FREE GIFTS? [surprised face emoji][.]” to certain email addresses. Defendant denies all remaining allegations in Paragraph 198.

199. These subject lines imply that one or more “free gifts” are being provided unconditionally and at no cost to the recipient.

**ANSWER**: Defendant denies the allegations in Paragraph 199.

200. Upon opening the email, however, the body reveals that the “free gifts” require a qualifying minimum purchase.

**ANSWER**: Defendant states that the referenced email speaks for itself and denies any allegations or characterizations contrary thereto and denies all remaining allegations in Paragraph 200.

201. In addition, Defendant further restricts the "free gift" offer in the fine print of the email by noting that exclusions apply, that the "free gift" is only valid while supplies last, and that "[g]ift item cannot be used to satisfy the dollar purchase requirement for the free gift."

**ANSWER**: Defendant states that the referenced email speaks for itself and denies any allegations or characterizations contrary thereto and denies all remaining allegations in Paragraph 201.

202. Because the recipient is required to spend a certain dollar amount before being entitled to a "free" gift, any subject line that contains a statement implying that the recipient will receive an unconditional "free gift" is false.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant denies all remaining allegations in Paragraph 202.

203. By Defendant's own admission, there is a "dollar purchase requirement for the free gift."

**ANSWER**: Defendant states that the referenced email speaks for itself and denies any allegations or characterizations contrary thereto and denies all remaining allegations in Paragraph 203.

204. And Defendant understands how to restrict an offer in the subject line of an email because from time to time, Defendant does in fact restrict the availability of the "free gift" in the subject line.

**ANSWER**: Defendant states that Paragraph 204 is not specific as to any particular email and instead contains misleading characterizations of Defendant's emails generally. Further answering, Defendant refers to the text of each email sent to its customers, states that all such emails speak for themselves as to their contents, and denies any characterizations contrary thereto. Defendant denies all remaining allegations in Paragraph 204.

205. For instance, on December 5, 2022, Defendant sent Class members an email with a subject line that stated: "FREE 25 PC gift with any $80 online purchase[.]"

**ANSWER**: Defendant admits that it sent an email on December 5, 2022, with the subject line containing the text "FREE 25 PC gift with any $80 online purchase[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 205.

206. On August 11, 2024, Defendant sent Class members an email with a subject line that stated: "FREE 19 PC gift with select $75 fragrance purchase? It's yours! [present emoji.]"

**ANSWER**: Defendant admits that it sent an email on August 11, 2024, with the subject line containing the text "FREE 19 PC gift with select $75 fragrance purchase? It's yours! [present emoji.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 206.

207. And on August 22, 2025, Defendant sent Class members an email with a subject line that stated: "[Name], FREE 6 PC gift with $55 online purchase & 20% off hair tools! Details inside[.]"

**ANSWER**: Defendant admits that it sent an email on August 22, 2025, with the subject line containing the text "[Name], FREE 6 PC gift with $55 online purchase & 20% off hair tools! Details inside[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 207.

208. Moreover, from time to time Named Plaintiffs and Class members have received emails with subject lines promising a "free" gift or item from Defendant where Defendant will in fact provide a "free" gift or item without the need to make a purchase.

**ANSWER**: Defendant admits that it has sent marketing emails to certain email addresses that provide a "free" gift that is not conditioned on a purchase. Defendant denies all remaining allegations in Paragraph 208.

209. For instance, throughout the year, Class Members receive an email with a subject line that states: "[Name], your FREE bday gift is inside + 2X points [heart emoji.]"

**ANSWER**: Defendant admits that it has sent marketing emails to certain email addresses that provide a "free" gift that is not conditioned on a purchase. Defendant denies all remaining allegations in Paragraph 209.

210. Class members can receive this annual "FREE bday gift" by showing a barcode in store without the need to make any additional purchase.

**ANSWER**: Defendant admits that it has sent marketing emails to certain email addresses that provide a "free" gift that is not conditioned on a purchase. Defendant denies all remaining allegations in Paragraph 210.

**2. Percentage Discount Emails**

211. Defendant also frequently sends emails with subject lines promising a percentage off the recipient's entire purchase. The body of these emails (and fine print), however, contains significant and material exclusions.

**ANSWER**: Defendant admits that it periodically sends emails with subject lines that advertise a percentage discount off the email recipient's purchase and that those emails also disclose terms and conditions related to that discount. Defendant denies all remaining allegations in Paragraph 211.

212. For example, on February 2, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "You'll [heart emoji] this: 10% OFF your next purchase[.]"

**ANSWER**: Defendant admits that it sent an email on February 2, 2024, with the subject line containing the text "You'll [heart emoji] this: 10% OFF your next purchase[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 212.

213. On March 7, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Take 10% off your next purchase and [heart emoji] get glowing [heart emoji][.]"

**ANSWER**: Defendant denies the allegations in Paragraph 213.

214. On March 12, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Don't miss 10% off your purchase[.]"

**ANSWER**: Defendant denies the allegations in Paragraph 214.

215. On March 29, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "20% off your purchase! Just because. [face emoji][.]"

**ANSWER**: Defendant admits that it sent an email on March 29, 2024, with the subject line containing the text "20% off your purchase! Just because. [face emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 215.

216. On June 12, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Don't miss 10% off your purchase[.]"

**ANSWER**: Defendant denies the allegations in Paragraph 216.

217. On July 20, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Don't miss 10% off your purchase[.]"

**ANSWER**: Defendant admits that it sent an email on July 20, 2024, with the subject line containing the text "Don't miss 10% off your purchase[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 217.

218. On December 3, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "20% OFF your entire purchase, [Name!] [money bag emoji][.]"

**ANSWER**: Defendant admits that it sent an email on December 3, 2024, with the subject line containing the text "20% OFF your entire purchase, [Name!] [money bag emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 218.

219. On December 8, 2024, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "Want 20% off your entire purchase?"

**ANSWER**: Defendant admits that it sent an email on December 8, 2024, with the subject line containing the text "Want 20% off your entire purchase?" to certain email addresses. Defendant denies all remaining allegations in Paragraph 219.

220. On April 10, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "20% off your ENTIRE PURCHASE[.]"

**ANSWER**: Defendant admits that it sent an email on April 10, 2025, with the subject line containing the text "20% off your ENTIRE PURCHASE[.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 220.

221. On April 20, 2025, Defendant sent Named Plaintiffs and Class members an email with a subject line that stated: "LAST DAY for 20% off your entire purchase…HOP TO IT [heart emoji][.]"

**ANSWER**: Defendant admits that it sent an email on April 20, 2025, with the subject line containing the text "LAST DAY for 20% off your entire purchase…HOP TO IT [heart emoji][.]" to certain email addresses. Defendant denies all remaining allegations in Paragraph 221.

222. These subject lines imply that a straightforward discount will be applied on the recipient's purchase, without limitations or exclusions.

**ANSWER**: Defendant denies the allegations in Paragraph 222.

223. However, the fine print at the bottom of each email reveals that the percentage discount excludes numerous brands and categories, such as CHANEL and certain "Beauty Deals" and clearance items. It also discloses that the offer cannot be combined with other promotions or applied to specific services or gift cards. These exclusions, located in dense, small-font text at the bottom of the email, materially alter the scope of the purported "entire purchase" discount promised in the subject line.

**ANSWER**: To the extent Paragraph 223 purports to describe the contents of the referenced emails, Defendant refers to the text of each email, states that all such emails speak for themselves as to their contents, and denies any characterizations contrary thereto. Defendant denies all remaining allegations in Paragraph 223.

224. Thus, if the recipient purchases any product or service that is excluded from the discount, they will not receive the discount offered in the subject line.

**ANSWER**: To the extent Paragraph 224 purports to describe the contents of the referenced emails, Defendant refers to the text of each email, states that all such emails speak for themselves as to their contents, and denies any characterizations contrary thereto. Defendant denies all remaining allegations in Paragraph 224.

225. In addition, the body of the email will refer to a "qualifying purchase" rather than "next purchase" as stated in the subject line to further qualify any offer made in the subject line of the email.

**ANSWER**: To the extent Paragraph 225 purports to describe the contents of the referenced emails, Defendant refers to the text of each email, states that all such emails speak for themselves as to their contents, and denies any characterizations contrary thereto. Defendant denies all remaining allegations in Paragraph 225.

226. Such omissions as to what constitutes a "qualifying purchase" in the subject lines of these types of emails create a reasonable probability that consumers will be misled about the true scope of the discount.

**ANSWER**: Defendant denies the allegations in Paragraph 226.

**C. Named Plaintiffs and Indiana residents have received commercial emails from Defendant that contain false or misleading information in the subject lines.**

227. Defendant sent the misleading commercial emails to email addresses that Defendant knew, or had reason to know, were held by Indiana residents, either because (i) Defendant had a physical Indiana address that was associated with the recipient; (ii) Defendant had access to data regarding the recipient indicating that they were in Indiana; or (iii) information was available to Defendant upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

**ANSWER**: Defendant denies the allegations in Paragraph 227.

228. Defendant knows where many of its customers reside through several methods.

**ANSWER**: Defendant denies the allegations in Paragraph 228.

229. First, for any person that places an order online from Defendant, Defendant associates an email address with a shipping address and/or billing address for that order.

**ANSWER**: Defendant admits that, for orders shipped to a customer rather than picked up at a store, customers can place orders on its website and include a mailing address for shipping. Defendant denies that it maintains the billing address of customers. Defendant further denies that mailing address information presumptively constitutes the residency of the consumer. Defendant denies all remaining allegations in Paragraph 229.

230. Second, Defendant encourages online shoppers to create online accounts. Customers save information in their Defendant accounts along with their email address, such as shipping addresses, billing addresses, and phone numbers.

**ANSWER**: Defendant admits that to join Ulta Beauty Rewards, a guest is currently asked to supply an email address, mobile phone number, and state when creating an account, but Defendant denies that information presumptively constitutes the residency of the consumer. Defendant denies all remaining allegations in Paragraph 230.

231. Third, Defendant offers consumers credit cards. Consumers who apply or sign up for such cards must provide additional identifying information, such as a social security number, and provide a billing address to Defendant.

**ANSWER**: Defendant admits that certain consumers obtain Ulta Beauty credit cards, and that consumers who apply or sign up for consumer credit cards must provide certain identifying information, including a billing address, but Defendant denies that information presumptively constitutes the residency of the consumer. Defendant denies all remaining allegations in Paragraph 231.

232. Fourth, discovery will show that Defendant employs methods to track the effectiveness of its marketing emails and to identify consumers that click on links contained in Defendant's marketing emails, including by identifying their physical location.

**ANSWER**: Defendant admits that it employs methods to track the effectiveness of its marketing emails. Defendant further admits that it has certain data that allows Defendant to confirm whether certain email recipients have opened or clicked on certain links in Ulta's emails. Defendant denies all remaining allegations in Paragraph 232.

233. Fifth, Defendant also utilizes cookies, pixels, and other online tracking technologies to identify and locate the consumers that click on links contained in Defendant's marketing emails and that visit its website.

**ANSWER**: Defendant admits that it has, in certain instances, identified the IP Address and/or geolocation data of consumers who access Ulta's website via commercial email links. Defendant denies all remaining allegations in Paragraph 233.

234. Sixth, discovery will also show that Defendant employs sophisticated third parties who create profiles of customers and potential customers, including their email address and physical location.

**ANSWER**: Defendant denies the allegations in Paragraph 234.

235. Lastly, Defendant also knew, should have known, or had reason to know that it sends marketing emails to Indiana residents due to its large presence in the state and the volume of marketing emails it sends to people around the country.

**ANSWER**: Defendant denies the allegations in Paragraph 235.

236. At all times relevant to this Complaint, Named Plaintiffs resided in Indiana.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236, and on that basis denies them.

237. Named Plaintiffs have received Defendant's emails for at least two (2) years.

**ANSWER**: Defendant admits that Ulta began sending Named Plaintiffs Johnson and Brimhall marketing emails at least two years ago. Defendant denies all remaining allegations in Paragraph 237.

238. Named Plaintiffs have received hundreds of marketing emails from Defendant, and typically receive more than five emails every week.

**ANSWER**: Defendant admits that Ulta sent Named Plaintiffs Johnson and Brimhall marketing emails after they each opted into receipt of marketing emails. Defendant denies all remaining allegations in Paragraph 238.

239. Named Plaintiffs receive emails from Defendant through email providers that have data limits. Named Plaintiffs currently have hundreds of emails from Defendant in their inboxes, but discovery will show that they have received more emails that they have deleted to conserve the finite space available in their email inbox.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239, and on that basis denies them.

240. Defendant knows, or has reason to know, that Named Plaintiffs' email addresses are held by Indiana residents. Named Plaintiffs have accounts with Defendant that reflect their home address in the State of Indiana. Named Plaintiffs have made several purchases from the Defendant's website that have been delivered to their homes in Indiana. Named Plaintiffs have also shopped in Defendant's stores in Indiana with their account. Named Plaintiffs have also repeatedly clicked on links contained in Defendant's emails from their computer, which was

registered to an IP address in Indiana at all relevant times, or from their smart phone, which was located in Indiana unless Named Plaintiffs happened to be traveling.

**ANSWER**: Defendant admits that Ulta's records reflect that Named Plaintiffs Johnson and Brimhall have current mailing addresses in the State of Indiana. Defendant admits that it has, in certain instances, identified the IP Addresses of Named Plaintiffs Johnson and Brimhall from their access to Ulta's website via commercial email links. Defendant denies all remaining allegations in Paragraph 240.

241. Named Plaintiffs received the emails with false and misleading subject lines described above. Named Plaintiffs received additional emails with false and misleading subject lines from Defendant.

**ANSWER**: Defendant denies the allegations in Paragraph 241.

242. Defendant sent these emails to Named Plaintiffs for the purpose of promoting Defendant's goods for sale.

**ANSWER**: Defendant admits that it sends certain marketing emails to promote Defendant's goods for sale. Defendant denies all remaining allegations in Paragraph 242.

243. Defendant initiated the transmission or conspired to initiate the transmission of these commercial electronic mail messages to Named Plaintiffs.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant "conspired" to send emails to consumers, Defendant states that claim was dismissed with prejudice by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 20–21. Further, the allegations in Paragraph 243 state legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendant denies the allegations in Paragraph 243.

244. Named Plaintiffs do not want to receive emails with false and misleading subject lines from Defendant, though they would like to continue receiving truthful information from Defendant regarding its products. Due to Defendant's conduct, however, Named Plaintiffs cannot

tell which emails from Defendant contain truthful information or which emails are spam with false and misleading information designed to spur them to make a purchase.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 related to Plaintiffs' state of mind or beliefs, and on that basis denies them. Defendant denies all remaining allegations in Paragraph 244.

245. Named Plaintiffs have identified hundreds of Defendant emails with false and misleading subject lines. These emails were sent over the course of several years, showing that Defendant engaged in this conduct throughout the relevant time period.

**ANSWER**: Defendant denies the allegations in Paragraph 245.

246. Named Plaintiffs continue to receive emails with false and misleading subject lines. Because Named Plaintiffs have deleted some of the emails they have received from Defendant, they are not presently able to identify all the emails with false and misleading subject lines they have received. Defendant is aware of all the emails it has sent Named Plaintiffs and discovery will show the full number of illegal false and misleading emails Defendant has sent throughout the relevant time period.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails to consumers with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. Defendant denies all remaining allegations in Paragraph 246.

## V. CLASS ACTION ALLEGATIONS

247. Class Definition. Named Plaintiffs bring this case as a class action on behalf of a Class defined as:

> All Indiana residents who, within two years before the date of the filing of this complaint until the date any order certifying a class is entered, received an email from or at the behest of Defendant that contained a subject line stating or implying that 1) a "free gift" or "free" [item] was being offered to the recipient, with no purchase requirement or any conditions or exclusions.; [sic] or 2) a percentage discount off would apply to the recipient's "purchase" or "next purchase" or "entire purchase" with no conditions or exclusions.

> Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

**ANSWER**: Defendant admits that Plaintiffs purport to bring this case on behalf of themselves and a putative class, as described in Paragraph 247. Defendant denies that this case meets the requirements of a class action, specifically denies any allegations of unlawful conduct, and denies all remaining allegations in Paragraph 247.

248. Numerosity. The Class is so numerous that joinder of all members is impracticable. The Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

**ANSWER**: Defendant denies that this case meets the requirements of a class action, specifically denies any allegations of unlawful conduct, and denies the allegations in Paragraph 248.

249. Commonality. There are numerous questions of law and fact common to Named Plaintiffs and members of the Class. The common questions of law and fact include, but are not limited to:

a. Whether Defendant sent commercial electronic mail messages with false or misleading information in the subject lines;

b. Whether Defendant initiated the transmission or conspired to initiate the transmission of commercial electronic mail messages to recipients residing in Indiana in violation of IDCEM;

c. Whether Named Plaintiffs and the proposed Class are entitled to an injunction enjoining Defendant from sending the unlawful emails in the future; and

d. The nature and extent of Class-wide injury and damages.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails to consumers with "false" information in the subject line or that Defendant "conspired" to send emails to consumers, Defendant states those claims were dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10, 20–21. Defendant denies that this case meets the requirements of a class action,

specifically denies any allegations of unlawful conduct, and denies all remaining allegations in Paragraph 249.

250. Typicality. Named Plaintiffs' claims are typical of the claims of the Class. Named Plaintiffs' claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

**ANSWER**: Defendant denies that this case meets the requirements of a class action, specifically denies any allegations of unlawful conduct, and denies all remaining allegations in Paragraph 250.

251. Adequacy. Named Plaintiffs will fairly and adequately protect the interests of the Class. Named Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions. Counsel for Named Plaintiffs have significant experience representing consumers in cases including deceptive email statutes. Named Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Named Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

**ANSWER**: Defendant denies that this case meets the requirements of a class action, denies that Plaintiffs are adequate class representatives, specifically denies any allegations of unlawful conduct, and denies all remaining allegations in Paragraph 251.

252. Predominance. Defendant has a standard practice of initiating or conspiring to initiate commercial electronic mail messages to email addresses held by Indiana residents. The common issues arising from this conduct predominate over any individual issues. Adjudication of these issues in a single action has important and desirable advantages of judicial economy.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant "conspired" to send emails to consumers, Defendant states that claim was dismissed with prejudice by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 20–21. Defendant denies that this case meets the requirements of a class action, specifically denies any allegations of unlawful conduct, and denies all remaining allegations in Paragraph 252.

253. Superiority. Named Plaintiffs and members of the Class have been injured by Defendant's unlawful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and

efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The members of the Class are readily identifiable from Defendant's records and there will be no significant difficulty in the management of this case as a class action.

**ANSWER**: Defendant denies that this case meets the requirements of a class action, specifically denies any allegations of unlawful conduct, and denies all remaining allegations in Paragraph 253.

## VI. CAUSE OF ACTION

**(Violation of Indiana's Deceptive Commercial Electronic Mail Statute, Ind. Code § 24-5-22-1 *et seq*)**

254. Named Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER**: Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 253 as its response to Paragraph 254.

255. Indiana Code § 24-5-22-2(a) defines "Commercial electronic mail" as "an electronic mail message sent to promote real property, goods, or services for sale or lease."

**ANSWER**: The allegations in Paragraph 255 state legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendant states that Indiana Code § 24-5-22-2(a) speaks for itself. Defendant denies any allegations or characterizations contrary thereto and denies all remaining allegations in Paragraph 255.

256. All emails sent to Named Plaintiffs and the Class were "commercial electronic mail," as the purpose of those emails was to advertise goods or services for sale.

**ANSWER**: Defendant admits that it sends certain marketing emails to promote Defendant's goods for sale. Defendant denies all remaining allegations in Paragraph 256.

257. Indiana Code § 24-5-22-7(b)(3) contains the following prohibition related to Commercial Electronic Mail: "A person may not initiate or assist in the transmission of a commercial electronic mail message that contains false or misleading information in the subject line."

**ANSWER**: The allegations in Paragraph 257 state legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendant states that Indiana

Code § 24-5-22-7(b)(3) speaks for itself. To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent promotional emails with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant "conspired" to send emails to consumers, Defendant states that claim was dismissed with prejudice by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 20–21. Defendant denies any allegations or characterizations contrary thereto and denies all remaining allegations in Paragraph 257.

258. Ulta is the person that initiated or assisted in the transmission of the emails.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant "conspired" to send emails to consumers, Defendant states that claim was dismissed with prejudice by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 20–21. To the extent a response is required, Defendant denies all allegations in Paragraph 258.

259. Indiana Code § 24-5-22-7(a) provides that "A person knows that the intended recipient of a commercial electronic mail message is an Indiana resident if the information is available, upon request, from the registrant of the Internet domain name contained in the recipient's electronic mail address."

**ANSWER**: The allegations in Paragraph 259 state legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendant states that Indiana Code § 24-5-22-7(a) speaks for itself. Defendant denies any allegations or characterizations contrary thereto and denies all remaining allegations in Paragraph 259.

260. Information concerning the residency of Named Plaintiffs and Class members is (and was) available on request from the registrant of the Internet domain name contained in Named Plaintiffs' and Class members' electronic mail addresses.

**ANSWER**: Defendant denies the allegations in Paragraph 260.

261. Defendant also collects address information for each person that creates a rewards account or makes a purchase online for delivery before it sends any Commercial Electronic Mail.

**ANSWER**: Defendant admits that, for orders shipped to a customer rather than picked up at a store, consumers can place orders on its website and include a mailing address for shipping. Defendant denies that mailing address establishes the residency of the consumer. Defendant admits that to join Ulta Beauty Rewards, a guest is currently asked to supply an email address, mobile phone number, and state when creating an account, but Defendant denies that information presumptively establishes residency of the consumer. Defendant denies all remaining allegations in Paragraph 261.

262. Defendant also uses pixels, tracking software, cookies, and other third-party resources to determine the location of Class members.

**ANSWER**: Defendant denies the allegations in Paragraph 262.

263. Named Plaintiffs and Class members shopped and made purchases online and had products delivered to their residences in Indiana.

**ANSWER**: Defendant admits that Ulta's records reflect that Named Plaintiffs Johnson and Brimhall have shopped and made purchases online and had products delivered to mailing addresses in Indiana. Defendant denies all remaining allegations in Paragraph 263.

264. Named Plaintiffs and Class members shopped in stores located in Indiana and saved Indiana stores as their preferred locations.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264, and on that basis denies them.

265. Named Plaintiffs and Class members are and were, in fact, residents of Indiana at the time the emails were transmitted by Ulta.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265, and on that basis denies them.

266. Named Plaintiffs and Class members were the intended recipients of the emails.

**ANSWER**: Defendant admits that it sent marketing emails to Named Plaintiffs Johnson and Brimhall, who each opted into receipt of marketing emails. Defendant denies all remaining allegations in Paragraph 266.

267. Ulta knew or should have known that Named Plaintiffs and members of the Class, the intended recipients of the aforementioned emails, are and were Indiana residents when Ulta sent the emails.

**ANSWER**: Defendant denies the allegations in Paragraph 267.

268. Indiana Code § 24-5-22-10 provides that a person who is adversely affected by a violation of section 7 of this chapter may bring an action against a person who initiated or assisted in the transmission of a commercial electronic mail message that violates section 7 to: (1) enjoin further violation of section 7 of this chapter; (2) recover the greater of actual damages arising from the violation or presumptive damages of five hundred dollars ($500).

**ANSWER**: The allegations in Paragraph 268 state legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendant states that Indiana Code § 24-5-22-10 speaks for itself. To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant "conspired" to send emails to consumers, Defendant states that claim was dismissed with prejudice by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 20–21. Defendant denies any allegations or characterizations contrary thereto and denies all remaining allegations in Paragraph 268.

269. Under Indiana Code § 24-5-22, it is irrelevant whether the emails were solicited.

**ANSWER**: The allegations in Paragraph 269 state legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendant states that Indiana Code § 24-5-22 speaks for itself. Defendant denies any allegations or characterizations contrary thereto and denies all remaining allegations in Paragraph 269.

270. Each of the emails sent is a separate violation of Indiana Code § 24-5-22-7(b)(3).

**ANSWER**: Defendant denies the allegations in Paragraph 270.

271. In violation of Indiana Code § 24-5-22-7(b)(3), the emails each contain subject lines with false or misleading information that had the capacity, tendency, or effect of deceiving the recipient.

**ANSWER**: Defendant denies the allegations in Paragraph 271.

272. For example, many of the emails contain subject lines that state Named Plaintiffs and Class members were being offered something for "free," including in many instances a "free gift," without explaining in the subject line that a minimum purchase requirement applied to the offer.

**ANSWER**: Defendant denies the allegations in Paragraph 272.

273. A purchaser who only reads the subject line of the emails (and does not read the fine print within the body of the email) would be unaware of the minimum purchase requirement for each email that offered a "free" item or a "free gift."

**ANSWER**: Defendant denies the allegations in Paragraph 273.

274. Likewise, many of the emails contain subject lines that state Named Plaintiffs and Class members were being offered a percentage discount off their "entire purchase" or "next purchase," without disclosing in the subject line that the discount was subject to substantial exclusions and limitations.

**ANSWER**: Defendant denies the allegations in Paragraph 274.

275. A purchaser who only reads the subject line of the emails (and does not read the fine print within the body of the email) would be unaware that the percentage discount did not apply to numerous brands, services, and products, and that other conditions and restrictions significantly limited the scope of the offer.

**ANSWER**: Defendant denies the allegations in Paragraph 275.

276. Ulta initiated or assisted in the transmission of the emails to Named Plaintiffs and Class members, which each contained false and/or misleading information in the subject line that had the capacity to deceive the recipient, as stated herein.

**ANSWER**: To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant sent emails to consumers with "false" information in the subject line, Defendant states that claim was dismissed by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 9–10. To the extent this allegation relates to an alleged violation of IDCEMA based on allegations that Defendant "conspired" to send emails to consumers, Defendant

states that claim was dismissed with prejudice by this Court on September 15, 2026, and no response is required. *See* Dkt. 131 at 20–21. Defendant denies all remaining allegations in Paragraph 276.

277. Each email constitutes a separate violation under Indiana Code § 24-5-22-7(b)(3).

**ANSWER**: Defendant denies the allegations in Paragraph 277.

278. As a result, Named Plaintiffs and the Class are entitled to injunctive relief, presumptive damages of five hundred dollars ($500) per violating message (or compensatory damages if greater), attorney's fees, and litigation costs pursuant to Indiana Code § 24-5-22-10(d).

**ANSWER**: Defendant denies the allegations in Paragraph 278.

## VII. REQUEST FOR RELIEF

WHEREFORE, Named Plaintiffs, on their own behalf and on behalf of the members of the Class, requests judgment against Defendant as follows:

A. an order assuming jurisdiction of this case;

B. an order certifying the proposed Class under Indiana Trial Rule 23;

C. an order appointing Named Plaintiffs as Class Representatives;

D. an order appointing the undersigned counsel as counsel for the Class;

E. an order awarding statutory damages pursuant to Indiana Code § 24-5-22-10(d) in the amount of five hundred dollars ($500) for each violating message, or compensatory damages if greater;

F. an order enjoining Defendant from further transmitting or causing to be transmitted commercial electronic mail messages in violation of the Indiana Commercial Electronic Mail Act, pursuant to Indiana Code § 24-5-22-10(b).

G. an order awarding Named Plaintiffs reasonable attorneys' fees and costs; and

H. an order awarding pre-judgment and post-judgment interest on all sums awarded to Named Plaintiffs and the Class; and

I. an order awarding other relief as is just and equitable under the circumstances.

**ANSWER**: Defendant denies that Plaintiffs and/or the putative class are entitled to any relief.

***

**DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

Defendant's affirmative and other defenses to the claims alleged in the Complaint are set forth below. By setting forth the following allegations and defenses, however, Defendant does not assume any burden of proof that it would not otherwise bear. Defendant reserves the right to supplement, amend, or withdraw any defense as discovery proceeds. Defendant's defenses are likewise asserted as defenses to the claims of any and all members of any class that may be certified in this case.

**FIRST DEFENSE (FAILURE TO STATE A CLAIM)**

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted against Defendant. Defendant incorporates the defenses and arguments set forth in its Motion to Dismiss the Complaint and the related briefing thereto (Dkts. 34, 73), which were previously filed in this action, as if set forth herein, including, but not limited to, that the allegations in the Complaint, and the purported cause of action alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous, and unintelligible, and fail to meet the applicable pleading requirements.

**SECOND DEFENSE (NO FALSE OR MISLEADING INFORMATION)**

Plaintiffs' individual and putative class claims fail because they are premised on subject lines that were not false or misleading within the meaning of Ind. Code § 24-5-22-7(b)(3) or any other applicable law. The purported subject lines conveyed information about Defendant's promotional offers that was accurate at the time they were sent.

**THIRD DEFENSE (MERE OPINION OR "PUFFERY")**

Plaintiffs' individual and putative class claims fail because they are premised on subject lines that contained mere opinion or "puffery."

**FOURTH DEFENSE (MATERIALITY)**

Plaintiffs' individual and putative class claims fail because they are premised on purported misstatements that were not material.

**FIFTH DEFENSE (NO SCIENTER)**

Plaintiffs' individual and putative class claims fail because Defendant did not act with actionable scienter in transmitting any subject lines alleged to be false or misleading.

**SIXTH DEFENSE (KNOWLEDGE OF INDIANA RESIDENCY)**

Plaintiffs' individual and putative class claims fail because Defendant did not know or have reason to know that emails with allegedly false or misleading subject lines were sent to an electronic mail address held by an Indiana resident, and computers located in Indiana were not used to initiate or assist in the transmission of the emails.

**SEVENTH DEFENSE (KNOWLEDGE OF DOMAIN NAME)**

Plaintiffs' individual and putative class claims fail because the residency of the Plaintiffs and/or the putative class members was not available, upon request, from the registrant of the Internet domain name contained in the recipient's electronic mail address.

**EIGHTH DEFENSE (INDIANA RESIDENCY)**

Plaintiffs' individual and putative class claims fail because Plaintiffs and/or some or all of the putative class members were not residing in Indiana on the transmittal date of the emails containing allegedly false or misleading subject lines.

**NINTH DEFENSE (DEFINITION OF "RECIPIENT" UNDER IDCEMA)**

Plaintiffs' individual and putative class claims fail because Plaintiffs and/or some or all of the putative class members were not "recipient[s]" under Ind. Code § 24-5-22-7(a) of any email with an allegedly false or misleading subject line.

**TENTH DEFENSE (NO CAUSATION)**

Any alleged injury to Plaintiffs or the putative class members was not proximately caused by any act or omission by Defendant.

**ELEVENTH DEFENSE (PREEMPTION)**

Plaintiffs' individual and putative class claims are preempted, in whole or in part, by federal law, including the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. § 7701 *et seq.*, under express-preemption and conflict-preemption principles.

**TWELFTH DEFENSE (DORMANT COMMERCE CLAUSE)**

To the extent Plaintiffs seek to apply Indiana's Deceptive Commercial Electronic Mail statute, Ind. Code § 24-5-22 et seq. ("IDCEMA") to Defendant's nationwide email marketing practices, such application violates the dormant Commerce Clause of the United States Constitution, art. I, § 8, cl. 3, because it imposes an undue burden on interstate commerce and has the practical effect of regulating commercial conduct occurring wholly outside the State of Indiana, and any putative local benefits are outweighed by the burdens imposed on interstate commercial activity.

**THIRTEENTH DEFENSE (DUE PROCESS CLAUSE/DUE COURSE OF LAW)**

Plaintiffs' claims and/or the claims of some or all putative class members fail because the statutory damages and penalties sought by Plaintiffs and/or some or all of the putative class

members are excessive and unconstitutional under the constitutions of the United States and the State of Indiana, including under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article 1, Section 12 of the Indiana Constitution, because IDCEMA is unconstitutionally vague and imposes excessive, arbitrary, irrational, and/or disproportionate penalties in violation of due process.

**FOURTEENTH DEFENSE (RESTRICTIONS ON SPEECH)**

Plaintiffs' individual and putative class claims are barred, in whole or in part, as impermissible restrictions on speech under the constitutions of the United States and the State of Indiana.

**FIFTEENTH DEFENSE (ACQUIESCENCE / RATIFICATION / ESTOPPEL / WAIVER / UNCLEAN HANDS AND/OR LACHES)**

Plaintiffs' individual and putative class claims are barred, in whole or in part, by the doctrines of acquiescence, ratification, estoppel, waiver, unclean hands, and/or laches. Plaintiffs' individual and putative class claims are barred, in whole or in part, by the doctrines of acquiescence and/or ratification due to the acts and omissions of Plaintiffs and/or putative class members or others that are attributable to Plaintiffs and/or putative class members. Plaintiffs' individual and putative class claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver because Plaintiffs were aware of and thereafter ratified and benefited from Defendant's conduct, by receiving discount offers, of which they now complain. Plaintiffs' individual and putative class claims are barred, in whole or in part, by the doctrine of unclean hands as a result of Plaintiffs' own conduct and omissions or of others attributable to Plaintiffs by remaining subscribed to Defendant's emails. Plaintiffs' individual and putative class claims are barred, in whole or in part, by the doctrine of laches, in that Plaintiffs and the putative class members have unreasonably

delayed efforts to bring their claims, despite alleging that Defendant's actions, if any, date back to at least 2023.

**SIXTEENTH DEFENSE (LACK OF PRIVITY)**

Plaintiffs' individual and putative class claims are barred, in whole or in part, by lack of privity because Plaintiffs and Defendant were not in privity of contract. Defendant affirmatively asserts that it had no legal relationship or privity with Plaintiffs and owed no duty to Plaintiffs by which liability could be attributed to it.

**SEVENTEENTH DEFENSE (MOOTNESS)**

Plaintiffs' individual and putative class claims are barred, in whole or in part, to the extent that the claims or the relief sought have been rendered moot before the entry of judgment in this case as described in Defendant's Answer and Defenses, *supra* and *infra*, which Defendant incorporates herein by reference.

**EIGHTEENTH DEFENSE (MITIGATION OF DAMAGES)**

Plaintiffs' individual and putative class claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages, including because Plaintiffs did not unsubscribe from Defendant's promotional emails.

**NINETEENTH DEFENSE (REASONABLE CARE)**

Plaintiffs' individual and putative class remedies are diminished or barred to the extent that Defendant exercised reasonable care to prevent and correct conduct in violation of applicable law.

**TWENTIETH DEFENSE (STATUTE OF LIMITATIONS)**

Plaintiffs' individual and putative class claims are barred, in whole or in part, by the applicable two-year statute of limitations under Ind. Code § 34-11-2-4, to the extent applicable.

**TWENTY-FIRST DEFENSE (GOOD FAITH)**

At all relevant times, Defendant acted in good faith and in reliance on applicable law, regulations, and guidance. Defendant acted with a reasonable belief that its email marketing practices complied with all applicable laws.

**TWENTY-SECOND DEFENSE (NO WILLFULNESS)**

Defendant did not act willfully in connection with any alleged violation.

**TWENTY-THIRD DEFENSE (LETTER AND SPIRIT OF THE LAW)**

Plaintiffs' individual and putative class claims fail because Defendant complied with the letter and spirit of IDCEMA, Ind. Code § 24-5-22-1 *et seq.*

**TWENTY-FOURTH DEFENSE (UNJUST ENRICHMENT)**

Plaintiffs' individual and putative class claims are barred, in whole or in part, to the extent that any award in this action would constitute unjust enrichment.

**TWENTY-FIFTH DEFENSE (STATUTORY DAMAGES)**

The Court can and should equitably reduce any statutory damages.

**TWENTY-SIXTH DEFENSE (NO INJUNCTIVE RELIEF)**

Plaintiffs and the putative class members are not entitled to injunctive relief because they have an adequate remedy at law and have not demonstrated irreparable harm. Monetary damages can fully compensate Plaintiffs and the putative class members for their alleged damages.

**TWENTY-SEVENTH DEFENSE (TREATMENT AS A CLASS ACTION)**

Plaintiffs cannot establish that this matter is appropriate for treatment as a class action.

**TWENTY-EIGHTH DEFENSE (INDIVIDUALIZED CLAIMS)**

Plaintiffs' claims are too individualized for class treatment.

**TWENTY-NINTH DEFENSE (NO CERTIFIABLE CLASS)**

This case is not appropriate for class certification because Plaintiffs cannot satisfy the requirements of Fed. R. Civ. P. 23, including, but not limited to, the requirements of numerosity, commonality, typicality, adequacy, predominance, superiority, or manageability. This case is also not appropriate for class certification because Plaintiffs cannot establish that the proposed class is ascertainable.

**THIRTIETH DEFENSE (NO REPRESENTATIVES)**

Plaintiffs are not proper representatives of the putative class they purport to represent and, therefore, this action should not be certified as a class action.

**THIRTY-FIRST DEFENSE**
**(VIOLATIONS OF THE FIFTH AND SEVENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION/VIOLATIONS OF INDIANA CONSTITUTION)**

To the extent that Plaintiffs seek to extrapolate liability, causation, or damages on a class-wide basis without requiring each putative class member to prove all elements of their claims, Plaintiffs' claims are barred, in whole or in part, by the Due Process Clause of the Fifth Amendment and the Seventh Amendment's guarantee of a jury trial of the United States Constitution, as well as the due course of law guarantee of Article 1, Section 12 and the right of trial by jury guaranteed by Article 1, Section 20 of the Indiana Constitution.

**THIRTY-SECOND DEFENSE (NO ENTITLEMENT TO DAMAGES)**

Plaintiffs and/or the putative class members are not entitled to damages because any such damages are speculative, excessive, arbitrary, unjust, unauthorized, or insufficiently certain.

**THIRTY-THIRD DEFENSE (CONSENT / TERMS OF USE)**

Plaintiffs' individual and putative class claims are barred, in whole or in part, by Defendant's Terms of Use or other terms that Defendant furnished, or that Plaintiffs and/or some or all putative class members may have otherwise agreed to with Defendant.

**THIRTY-FOURTH DEFENSE (ABUSE OF LEGAL PROCESS)**

Plaintiffs' individual and putative class claims are knowingly false, legally frivolous, brought for a wrongful purpose, and constitute an abuse of the legal process.

**THIRTY-FIFTH DEFENSE (NO ENTITLEMENT TO ATTORNEYS' FEES)**

Plaintiffs and absent class members are not entitled to attorneys' fees or costs.

**THIRTY-SIXTH DEFENSE (RELIANCE)**

Plaintiffs' individual and putative class claims fail because they are premised on email subject lines on which neither they nor any putative class members relied, and on which neither they nor any putative class members relied to their detriment.

**THIRTY-SEVENTH DEFENSE**
**(PLAINTIFFS' CONSPIRACY CLAIMS ARE PREEMPTED BY CAN-SPAM)**

Plaintiffs' individual and putative class conspiracy claims are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. § 7701 *et seq.*

**THIRTY-EIGHTH DEFENSE (NO FALSE INFORMATION)**

Plaintiffs' individual and putative class claims fail because they are premised on email subject lines which do not contain false information under Ind. Code § 24-5-22-7(b)(3).

**THIRTY-NINTH DEFENSE (NO MISLEADING INFORMATION)**

Plaintiffs' individual and putative class claims fail because they are premised on email subject lines which do not contain misleading information under Ind. Code § 24-5-22-7(b)(3).

**FORTIETH DEFENSE (DUE PROCESS/COURSE OF LAW – CLASS CERTIFICATION)**

This action cannot be maintained as a class action because certification of the proposed class would result in a denial of due process to Defendant as well as to the proposed class. Awarding Plaintiffs and/or any putative class members the relief sought in the Complaint would violate Plaintiffs', and many of the alleged putative class members', rights to due process of law under the United States Constitution, *see, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), and the due course of law guarantee under Article 1, Section 12 of the Indiana Constitution.

**FORTY-FIRST DEFENSE (EXCESSIVE FINES)**

The statutory damages and penalties sought by Plaintiffs and the putative class members are excessive and unconstitutional under the constitutions of the United States and/or the State of Indiana, including the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and/or the prohibition on excessive fines in the Indiana Constitution.

**FORTY-SECOND DEFENSE (ACTUAL DAMAGES)**

Plaintiffs fail to allege facts supporting actual damages.

**FORTY-THIRD DEFENSE (JUSTIFICATION)**

The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of justification.

**FORTY-FOURTH DEFENSE (NO VIOLATION)**

The claims asserted in the Complaint are barred, in whole or in part, because Defendant has not violated any applicable law alleged in the Complaint.

**FORTY-FIFTH DEFENSE**
**(RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES)**

Plaintiffs' claims are barred by any other matter constituting an avoidance or affirmative defense on legal or equitable grounds. To the extent that Plaintiffs failed to set forth their claims

with sufficient particularity to allow Defendant to determine all applicable and available defenses, or if the applicability of other defenses becomes apparent over the course of this case, Defendant hereby reserves its right to amend its Answer and assert such defenses. Defendant's investigation continues.

WHEREFORE, Defendant Ulta Salon, Cosmetics & Fragrance, Inc. respectfully requests that the Court:

1. Enter a judgment in its favor on all counts of the Class Action Complaint;
2. Dismiss the Class Action Complaint with prejudice;
3. Award Defendant its fees, costs, and expenses, including attorneys' fees incurred in this action; and
4. Grant such other relief as the Court deems just and proper.

Dated: September 29, 2026

Respectfully submitted,

/s/ *Christina L. Fugate*
Christina L. Fugate (27218-49)
Audrey K. Howard (30653-53)
Angela M. Rinehart (34753-49)
**ICE MILLER LLP**
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone: (317) 236-2100
Christina.Fugate@icemiller.com
Audrey.Howard@icemiller.com
Angela.Rinehart@icemiller.com

/s/ *Amanda S. Amert*
Craig C. Martin (admitted *pro hac vice*)
Amanda S. Amert (admitted *pro hac vice*)
Debra Bogo-Ernst (admitted *pro hac vice*)
Melanie L. Lee (admitted *pro hac vice*)
Joseph Mario G. Buccilli (admitted *pro hac vice*)
Machol H. Benmelech (admitted *pro hac vice*)
**WILLKIE FARR & GALLAGHER LLP**
300 North LaSalle Drive
Chicago, IL 60654
Telephone: (312) 728-9000
Facsimile: (312) 728-9199
cmartin@willkie.com
aamert@willkie.com
dernst@willkie.com
mlee@willkie.com
jbuccilli@willkie.com
mbenmelech@willkie.com

*Attorneys for Defendant Ulta Salon, Cosmetics & Fragrance, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026, a copy of the foregoing was electronically filed through the Court's CM/ECF System, which will provide electronic notice to all counsel of record.

Dated: September 29, 2026

**ICE MILLER LLP**

*/s/ Christina L. Fugate*
Christina L. Fugate (27218-49)
Audrey K. Howard (30653-53)
Angela M. Rinehart (34753-49)
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone: (317) 236-2100
Christina.Fugate@icemiller.com
Audrey.Howard@icemiller.com
Angela.Rinehart@icemiller.com

*Attorneys for Defendant Ulta Salon, Cosmetics & Fragrance, Inc.*