UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ASHLEY JOHNSON,<br>ALEXIS BRIMHALL,<br><br>Plaintiffs,<br><br>v.<br><br>ULTA SALON, COSMETICS &<br>FRAGRANCE, INC.,<br><br>Defendant. | ) | No. 1:25-cv-02521-JRO-MJD |

**ORDER GRANTING MOTION FOR REASSIGNMENT OF RELATED ACTION**

Before the Court is Defendant Ulta Salon, Cosmetics & Fragrance, Inc.'s ("Ulta") motion for reassignment of related action. Dkt. [151]. For the reasons herein, that motion is **GRANTED**.

## I. BACKGROUND

### A. *Johnson v. Ulta*[1]

The above captioned case, *Johnson v. Ulta*, is a putative class action removed to the Southern District of Indiana on December 12, 2025. Plaintiffs contend that Ulta violated the Indiana Deceptive Commercial Electronic Mail Act ("IDCEMA"), Ind. Code § 24-5-22-1 *et seq.*, by sending marketing emails referencing "free gifts" and "percentage discounts" associated with certain product promotions. The case was randomly reassigned to this Court on March

[1] References to docket entries herein are to the *Johnson* docket unless otherwise stated.

20, 2026, dkt. 65, who subsequently denied Ulta's motion to dismiss. Dkt. 131. Discovery is ongoing, and Plaintiffs' motion for class certification is now pending, seeking certification of the following class:

> All persons who (1) received one or more of the emails that is listed in APPENDIX A ("Class Emails"), and (2) resided in Indiana at the time they received the Class Email.

Dkt. 133 at 1. The *Johnson* Plaintiffs did not respond to Ulta's motion for reassignment.

**B. *Sears v. Ulta***

Ulta states there is a related matter in this district that warrants reassignment, *Sears v. Ulta*, No. 1:26-cv-02026-TWP-MKK (S.D. Ind.) (hereinafter "*Sears*"). *Sears* is a putative class action lawsuit that was removed to the Southern District of Indiana on September 21, 2026. Plaintiffs in *Sears* also contend Ulta violated the IDCEMA by sending marketing emails to the putative class, but on the theory that the emails employed false time-scarcity tactics. One example is an email subject line claiming offers would "disappear[] – TOMORROW" when the same offer would in fact be available again shortly after. *Sears*, dkt. 1-2 ¶¶ 36–38. The *Sears* Plaintiffs seek to represent the following class:

> All Indiana residents who, during the Class Period, received a commercial email sent by Defendant or with Defendant's assistance that contained messaging in the email's subject line which misrepresented the facts of a sale, deal, or other promotion.

*Id.* ¶ 57.

The *Sears* case was randomly assigned to the Honorable District Judge Tanya Walton Pratt. Ulta has not yet filed a Rule 12 motion or responsive pleading, and the Court has yet to enter a case management plan.

Ulta filed a notice of the instant motion in the *Sears* case. *Sears*, dkt. 28. The *Sears* Plaintiffs objected, and Ulta replied. *Sears*, dkts. 29 & 30. The Court has considered that briefing in ruling on the instant motion.

## II. DISCUSSION

The Southern District of Indiana's Local Rules permit reassignment of related cases for the sake of judicial economy.

> (d) Notice of Related Action. A party must file a notice of related action:
>
> . . . .
>
> (2) as soon as it appears that the party's case and another pending case:
>
> (A) arise out of the same transaction or occurrence;
>
> . . . .
>
> This Notice requirement is not satisfied by indicating that a case is related on the Civil Cover Sheet.
>
> (e) Transfer of Related Cases. When the court determines that two cases are related, the case filed later may, in the court's discretion, be transferred to the judicial officer handling the earlier-filed case.

S.D. Ind. L.R. 40-1 (d)–(e). In applying this rule, the Court considers whether claims alleged in the different cases arise from the same transaction or occurrence, looking to the same factors applied to Federal Rule of Civil Procedure 20 for the severance and joinder of claims. Under Rule 20, "courts consider 'when the alleged conduct occurred, whether the same people were involved, whether

the conduct was similar, and whether it implicated a system of decision-making or widely-held policy.'" *Babayemi v. NOW Courier, Inc.*, No. 123-cv-00353-JMS-TAB, 2023 WL 3918962, at *3 (S.D. Ind. June 9, 2023) (quoting *Martinez v. Haleas*, No. 07 C 6112., 2010 WL 1337555, at *3 (N.D. Ill. March 30, 2010)).

The Court finds the *Johnson* and *Sears* actions are related under Local Rule 40-1 when considering the Rule 20 factors.

First, the conduct alleged in the two cases entirely overlaps. While the *Sears* Plaintiffs point out that the class periods technically differ between the two actions, *Sears*, dkt. 29 at 1–2, that is only because the *Sears* timeframe entirely subsumes the *Johnson* timeframe. The *Sears* Plaintiffs claim a class period from August 2020 to the date of class certification, which has not yet arrived, *Sears*, dkt. 1-2 ¶ 59, while the *Johnson* Plaintiffs seek certification of a class that received specific emails from November 2023 to August 2025, dkts. 133 at 1; 133-1 at 1–6. All the allegedly misleading emails in *Johnson* were sent during the *Sears* class period.

Second, the actions involve the same people. Ulta is a defendant in both actions, and the putative class in *Sears* necessarily seeks to encompass all the putative Plaintiffs in the *Johnson* litigation. While the *Johnson* Plaintiffs seek to certify a narrower class, the *Sears* Plaintiffs' putative class includes that narrower class in its entirety. It is not limited to plaintiffs who received false time-scarcity emails. Instead, it sweeps in "[a]ll Indiana residents who, during the Class Period, received a commercial email . . . that contained messaging in the email's subject line which misrepresented the facts of a sale, deal, or other

promotion." *Sears*, dkt. 1-2 ¶ 27. Whether or not the *Sears* class will actually be certified under Rule 23 is a question for another day. It is sufficient to say that at this point *Sears* does not limit the putative class to plaintiffs who received false time-scarcity emails but includes the *Johnson* class as well.

Third, the conduct between the two actions is similar overall, and, as to some emails, identical. Both cases allege that Ulta sent deceptive marketing emails to Indiana residents. What's more, at least some of the email subject headings at issue in the *Johnson* case also reference time scarcity.[2] This undermines the *Sears* Plaintiffs' argument that the two actions' claims "stem from different emails." *Sears*, dkt. 29 at 2. To the extent the same email is grounds for liability in both *Johnson* and *Sears*, the two cases arise out of the same transaction or occurrence. And even for the emails that are not common to both lawsuits, similar theories of liability under the IDCEMA and similar discussions of that statute's meaning will inform the Court's analysis of the claims. This reasoning likewise applies to the fourth factor.

Accordingly, Ulta's motion for reassignment is **GRANTED**.

---

[2] *See e.g.* dkt. 133-1 at 13A ("FREE 4 PC Beekman 1802 gift [stars emoji] Today only 4-8 [stars emoji]"); *id.* at 31A ("4 hours only: FREE 5 PC Benefit Cosmetics gift [heart emoji]"); *id.* at 34A ("8 hours only: FREE Yves Saint Laurent gift worth $100 [face emoji]"); *id.* at 42A ("Act fast! FREE IT Cosmetics gift available for 8 hours only!"); *id.* at 77A ("Get this 7 PC Estee Lauder FREE gift tonight only!"); *id.* at 92A ("Free 4 PC Sol de Janeiro gift-today only! [heart emoji]").

## III. CONCLUSION

For the reasons above, Ulta's motion for reassignment, dkt. [151], is **GRANTED**. The **clerk is directed to transfer** *Sears et. al. v. Ulta Salon, Cosmetics & Fragrance, Inc.*, Cause No. 1:26-cv-02026, to District Judge Justin R. Olson and Magistrate Judge Mark J. Dinsmore pursuant to Local Rule 40-1(e). The **clerk is further directed** to docket this Order in Cause No. 1:26-cv-02026.

**SO ORDERED.**

Date: 11/10/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record